## WARNER vs. TROW and another.

| | |
|---|---|
| 36 | 295 |
| 74 | 221 |
| 36 | 195 |
| 88 | 646 |
| 36 | 195 |
| 100 | 590 |
| 36 | 195 |
| 104 | 219 |

REAL PROPERTY. (1) *Sale of standing timber, sale of interest in land.*

TAX DEED: JUDGMENT: EVIDENCE. (2) *Effect of judgments as to parties and privies.* (3) *Who regarded as " subsequent purchaser."* (4) *Effect*

Warner vs. Trow and another.

*of judgment as to validity of tax deed, in action by the grantee.* (5, 6) *Admissibility of such tax deed and judgment as evidence in action of trespass.*

1. A sale of standing timber is a sale of an interest in the land.
2. As to the rights of the parties touching the subject matter of a suit, the judgment of a court having jurisdiction thereof is final and conclusive, not only against the parties themselves, but against all persons represented by them and claiming under or in privity with them.
3. One who has not put upon record his evidence of title to or interest in land, at the time notice of *lis pendens* is duly filed in an action brought under chapter 22, Laws of 1859, by one claiming title to said land by virtue of a tax deed, must be regarded as a subsequent purchaser, and is bound by the proceedings in said action to the same extent as if made a party thereto. R. S., ch. 124, sec. 7.
4. The action given by the act of 1859 to a claimant of land under a tax deed, is in the nature of a suit to quiet title, and proceeds upon the assumption that the title has already been divested by the tax proceedings; and a judgment for the plaintiff in such an action concludes all persons bound by such judgment from afterwards questioning the *validity of the tax deed.*
5. Such a tax deed *and judgment* are admissible in evidence of title in an action by the grantee for a trespass on the land committed (by persons bound by such judgment) *after* the recording of the deed but *before* the rendition of the judgment, and even before the commencement of the action in which it was rendered.
6. A tax deed of land was recorded in September, 1871. In November following, defendants bought the standing timber on said land of one S., who had purchased the land of one H. in January of the same year. Defendants afterwards cut the timber from the land, and thereupon this action was brought against them by the grantee in the tax deed, as for a trespass upon the land. Before the issue herein was tried, plaintiff recovered a judgment in another action, upon his tax deed, brought under ch. 22, Laws of 1859, against both S. and H., in which he was adjudged the absolute owner in fee of said land. When the notice of *lis pendens* was filed in that action, there was no evidence of record showing that the present defendants had any interest in the land. On the trial of the present action, after putting in evidence his tax deed, plaintiff offered also the record of said judgment; but it was objected to, because not rendered until *after* the alleged trespass was committed, and after this action was commenced, and because these defendants were not parties to that action; and it was ruled out. *Held,* error.

APPEAL from the Circuit Court for *Outagamie* County.

Trespass, for cutting timber upon land to which plaintiff claimed title under a tax deed. The trespass is alleged to have been committed after November 1, 1871. Defendants answered that they had cut and removed the timber under the belief that they were the owners thereof; that they had bought it of one Henry Sherry, and paid him for it, without knowledge of plaintiff's claim to the land, and believing that it was owned by Sherry in fee; and that they were the lawful owners of the timber, and entitled to enter upon the land for its removal, by virtue of their purchase from Sherry and his license to enter and cut the timber.

Upon the trial, plaintiff introduced in evidence a tax deed to himself of the lands in question, made and recorded September 30, 1871. He then offered in evidence a judgment of the Outagamie circuit court, in his favor and against Josiah Danforth, John N. Carter, Henry Sherry, Henry Hewitt, Jr., Edward C. Delevan, W. D. Reynolds, and others, and the " unknown owners" of the land in question. This judgment was entered November 26, 1872, in an action by plaintiff for the foreclosure of his tax deed under ch. 22, Laws of 1859 ; and it was thereby adjudged that this plaintiff had an absolute title in fee simple to said land by virtue of his tax deed. There was a recital in the judgment that the notice of *lis pendens* was filed September 11, 1872. The evidence was excluded. Defendants, against plaintiff's objection, were allowed to prove a verbal license to enter upon the land described in the complaint as in section 4, given him by one Reynolds, who claimed to have authority to give such license; also deeds of the land described as in section 3, from C. E. Delevan and one Samuel Marsh to Henry Hewitt, Jr., which were both dated in 1867, but do not appear to have been recorded; also an agreement from Hewitt Jr., dated January 17, 1871, to convey to Henry Sherry, subject to taxes, and a receipt from Sherry, dated November 15, 1871, acknowledging payment of $150 in full by the defend-

ant *A. S. Trow*, for all the pine timber on the land. They also impeached the regularity of the proceedings upon which plaintiff's tax deed was founded.

The jury found for defendants; and, a motion for a new trial having been overruled, plaintiff appealed from a judgment on the verdict.

*Warner & Ryan*, for appellant, contended that the court erred in excluding the judgment offered in evidence. A judgment of a court of competent jurisdiction is conclusive upon the rights of the parties, touching the subject matter of the suit, and can not be impeached collaterally, or by a counterclaim. *Woodward v. Hill*, 6 Wis., 143; *Nash v. Church*, 10 id., 303; *Doty v. Browne*, 4 N. Y., 71; *Warner v. Mullane*, 23 Wis., 450. Any person whose conveyance was not of record at the time of filing the *lis pendens* in that action, is deemed a subsequent purchaser, and "bound by the proceedings in the action, to the same extent and in the same manner as if he were made a party thereto." Tay. Stats., 1428, § 7. The tax deed offered in evidence, and referred to in the judgment, is "*prima facie* evidence of an absolute title in fee simple in the grantee." Laws of 1859, ch. 22, sec. 41. And the judgment "shall forever bar such defendants, and all others claiming under them after the commencement of said action." Sec. 44 of the same act. The title of the grantee dates from the execution and recording of his tax deed, the judgment merely quieting and confirming such title.

*Moses Hooper*, for respondents, argued that the judgment offered in evidence was not against defendants, or either of them, and no proof was made showing that the action was begun before the cutting of the timber. It does not appear when the complaint was filed in the foreclosure suit; it was incumbent upon plaintiffs to show this, in order to show the competency of the judgment as evidence against the defendants. To hold otherwise would be equivalent to saying that a purchaser under foreclosure of a mortgage may maintain trespass against a

person having taken crops from the mortgaged land at any time after the mortgage became due; or that plaintiff in ejectment might recover for an entry upon the land under defendant's title, without showing such entry to have been subsequent to the commencement of the action. The judgment does show that the *lis pendens* was filed in the action September 11, 1872, about six months after beginning this action, from which time alone the pendency of the action was notice to persons not parties to the suit, provided the complaint had been filed. *Kellogg v. Fancher*, 23 Wis., 21; Tay. Stats., 1428, § 7. This judgment could not by relation make these defendants trespassers. No one can be made a trespasser by relation. *Case v. De Goes*, 3 Caines, 261; *Frost v. Beekman*, 1 Johns. Ch., 297; *Van Court v. Moore*, 26 Mo., 92; *Fite v. Doe*, 1 Blackf., 127.

Cole, J. For the purpose of establishing his title to the lands upon which the alleged trespass was committed, the plaintiff in the first instance introduced in evidence a tax deed embracing those lands, with others, which deed was recorded September 30, 1871. He then proposed to put in evidence a judgment of the circuit court of Outagamie county, dated November 26, 1872, rendered in an action brought upon this tax deed under the provisions of ch. 22, Laws of 1859, in and by which the plaintiff was adjudged to have an absolute title in the lands therein described. This judgment was objected to on the part of the defendants as immaterial, and was excluded by the court. And the only question we shall consider is this ruling of the circuit court. It was objected in the court below, and substantially the same point is relied on here, that this judgment was inadmissible in the present action, because it was dated subsequent to the commission of the alleged trespass, and subsequent to the commencement of this suit, and also for the further reason that the judgment was not against these defendants.

It cannot be denied, however, that this judgment was against

Henry Hewitt, Jr., Henry Sherry, W. D. Reynolds, and others, former owners of the land, under whom the defendants claimed the right of building their logging camp and cutting the timber in question. The defendants claimed that they had purchased the stumpage on section 3, November 15, 1871, of Sherry, who had bought the land of Hewitt in January previous. Now why were not the defendants bound by the judgment obtained against the parties from whom they purchased? In order to give full effect to the rule that the judgment of a court of competent jurisdiction is final and conclusive upon the rights of the parties touching the subject matter of the suit, not only the parties themselves are held to be bound, but also all persons who are represented by the parties, and claim under them, or in privity with them, must be equally concluded by it. 1 Greenl. Ev., § 523. The learned counsel for the defendants does not controvert a principle so well settled; and therefore we do not well understand upon what ground it can be successfully claimed that the defendants, standing in the relation they do to the parties in that litigation, and identified with them in interest, are not bound by the judgment. The defendants purchased of Sherry the standing timber ; that is an interest in the land. *Strasson v. Montgomery*, 32 Wis., 52. At the time of the filing of the *lis pendens* in that action, there was nothing upon record to show that they were interested in any of the lands conveyed by the tax deed, and consequently they must be deemed subsequent purchasers, under sec. 7, ch. 124, R. S., and bound by the proceedings in that suit to the same extent and in the same manner as if they had been made parties thereto. And now suppose this action of trespass were brought against Sherry, or Hewitt: would not this judgment have been admissible in evidence, and would they not have been concluded by it? It seems to us the question must be answered in the affirmative. And if this were so, is it not apparent that the judgment was admissible against the defendants, who are privies in interest, and who are equally bound by it?

As to the other objection, that the judgment was incompetent evidence because dated subsequent to the alleged trespass, and subsequent to the commencement of this suit: it seems to us that circumstance is quite immaterial. It is said that no proofs were made to show that the action on the tax deed was commenced before the cutting of the timber, and that the rule is, that a party cannot be made a trespasser by relation. But it is not denied that the trespass was committed after the execution and recording of the tax deed. This deed was really the foundation of the plaintiff's title, and not the judgment upon it. Doubtless the judgment barring the former owner or owners, and those claiming under them, of all right and interest in the lands conveyed by the tax deed, must have proper effect given to it. That action, under the statute of 1859, is in the nature of a suit to quiet title. It is founded upon the assumption that the title is divested by the tax proceedings, as it undoubtedly is where the requisites of the statute upon the subject have been complied with. But if there have been irregularities in the tax proceedings, the former owner has an opportunity of attacking the tax deed, and invalidating it if he is able to do so. If, however, he does not impeach the deed in that action, we suppose he is concluded from afterwards questioning its validity. But still the title passes by the execution and recording of the tax deed, and all questions as to its validity and as to the regularity of the proceedings in imposing the tax and selling the land are conclusively settled and put at rest by the judgment in favor of the grantee, under the provisions of the law of 1859. And, it being admitted that the trespass was committed after the tax deed was recorded, the fact that the action to foreclose that deed was commenced subsequent to the time this suit was instituted, seems to us quite an immaterial circumstance. For these reasons we think the circuit court improperly excluded the judgment offered on the part of the plaintiff.

*By the Court.* — The judgment of the circuit court is reversed, and a new trial is awarded.