290 P.2d 245

Wallace D. HULL and William LeRoy Hull, Plaintiffs and Respondents,

v.

J. W. GOODMAN and Deon W. Goodman, Defendants and Appellants.

No. 8325.

Supreme Court of Utah.

Nov. 4, 1955.

164

George S. Ballif, Provo, for appellants.

Christenson & Christenson, Provo, for respondents.

JEPPSON, District Judge.

This action is an appeal from the judgment determining that plaintiffs had a prescriptive right to bring water over the defendants' property, enjoining interference, assessing damages for the loss of crops due to the prevention by defendants of the use of the ditch to water plaintiffs' land, and assessing costs for discovery depositions.

The decision of the trial court is affirmed, except for deposition expenses of $73.30, which are ordered stricken from the cost bill and judgment. Each party will bear his own respective costs.

The transcript of evidence in this case is very voluminous. It is sufficient to say that the plaintiffs by clear and convincing evidence proved the continuous, open, obvious and adverse use of the ditch in question for a period of twenty years. The ditch, as proved, was partly in existence in 1919, when the plaintiffs' predecessor, George Sawaya, came to the property known as the dominant estate. The ditch then coursed through the servient estate, which contained "nothing but bushes and rocks." The witness, Sawaya, completed the ditch in question by opening up an additional 100 foot section of said ditch (Tr. 98, 99). The ditch had never been used by the owner of the servient estate and no one ever appeared on the ground to make any use of the land prior to the time the 100 foot section of the ditch was opened by the owner of the dominant estate. It is presumed that the portion of the ditch in existence prior to 1919 was opened by the user of the said ditch on the dominant estate.

In view of the above portion of this decision, any discussion of whether this case is a case in law or in equity, and whether the proof for a prescriptive right must be by clear and convincing evidence is unnecessary.

The defendant appellants claim a break in the prescriptive period by a conveyance of land lower on the ditch to the United States of America. We are not called upon to determine whether plaintiffs have an easement over the land conveyed to the United States. Plaintiffs and their predecessors in interest have taken water across said land of the United States, which use may have been by either prescription before the United States acquired the title thereto, or by a permissive use. The lack of a prescriptive right over land, through which the ditch runs, but below the land in dispute, does not defeat the creation of

an easement by prescription for the ditch over a higher portion of land.

■ The defendant appellants challenged the finding of damages by the trial court for the unlawful deprivation of the use of the ditch. The evidence amply sustained the trial court's findings of damages. The method of calculating the damages appears to contain no error.

The defendant appellants appeal from the allowance by the trial court of costs for depositions. The cost bill included:

"R. Dean Seely—Deposition of
George Sawaya and Moses Kader ........................... $44.20
Lynn D. Moulton—Deposition of J.
W. Goodman ........... ..... $29.10

Total.......... $73.30"

All of the three witnesses referred to testified at the trial. The first two witnesses were called by the plaintiffs and the third was one of the defendants. 21–5–8, Utah Code Annotated 1953, provides for taxing as costs the fees of witnesses who attend and who are paid. 78–56–8, Utah Code Annotated 1953, on taxing as costs the reporter's fees for transcribing, does not specifically include depositions. Rule 54(d), Rules of Civil Procedure, Utah Code Annotated 1953, provides that " * * * costs shall be allowed * * * to the prevailing party * * *." The Rules Committee thought that this rule left the ques-

tion of costs somewhat in the discretion of the courts.[1] The rule in question, Rule 54(d), was taken from the Federal Rules of Civil Procedure by the same number, 28 U.S.C.A. In Rule 54(d) (2) a reference is made to "costs and necessary disbursements in the action." Some cases on allowing costs for the taking of depositions * are collected in Federal Code Annotated, Rule 54(c), Page 502, Paragraph 9.

■ Nothing is made to appear in the instant case to justify the inclusion of the depositions above referred to in the costs awarded to the plaintiffs.

McDONOUGH, C. J., and CROCKETT and WADE, JJ., concur.

HENRIOD, Justice.

I feel constrained to dissent from that portion of the main opinion if it implies that the expense of taking depositions is an item of cost which is taxable, when it states that "some cases on allowing costs for the taking of depositions are collected in Fed. Code Annotated, Rule 54(c), Page 502, Paragraph 9." The cases adverted to appear to make it discretionary with the trial court as to such taxability.

The footnote to our own Rule 54(d) (1) indicates that although we lifted the language of the Federal rule, "it is intended * * * that the court will follow the former practice, insofar as applicable, in assessing costs." The former practice clearly required that only those costs au-

---

1. Compiler's note Rule 54(d), Utah Code Annotated 1953.

* For note of decisions on costs of taking depositions under Federal Rule 54, see 28 U.S.C.A. Fed.Rules Civ.Proc. rule 54, note 46.

166

thorized by statute were taxable, and that such statutes must be construed strictly.[1] I am unaware of any statutory authority in this state for taxing the expense of depositions as costs, and such expense, according to the former practice, customarily was not taxable as costs. It seems inescapable therefore, that the expense of taking depositions, unless authorized by statute, is not taxable as costs within the discretion of the trial court.

WORTHEN, J., being disqualified, does not participate herein.

1. Checketts v. Collings, 78 Utah 93, 101, 1 P.2d 950, 75 A.L.R. 1393; Openshaw v. Openshaw, 80 Utah 9, 12 P.2d 364.