335 P.2d 837

CRANE CO., a corporation, Plaintiff and Appellant,

v.

UTAH MOTOR PARK, INCORPORATED, a corporation, Defendant and Respondent.

No. 8713.

Supreme Court of Utah.

Feb. 27, 1959.

Appeal from a judgment of dismissal entered by the court below at pre-trial.

Since the lower court granted the motion to dismiss at pre-trial, there are few facts before the court. Counsel for the respective parties endeavored to stipulate the facts concerning the transaction out of which this case arose, but were unable to come to a definite agreement with respect thereto. The following facts only are undisputed. Respondent called one Walsh Plumbing Company to repair a boiler in its establishment. Upon inspection it was decided to call in appellant to inspect the damaged boiler. Appellant concluded that the old boiler was beyond repair. Thereupon respondent decided to have a new boiler installed. Respondent contends, though this is not stipulated, that it first approached appellant to purchase the new boiler but was told by appellant to buy the boiler from Wash Company. Respondent then made certain arrangements with Walsh Company to install the boiler. Walsh Company purchased it from appellant and installed it. He was paid by respondent. Subsequently Walsh made an assignment for the benefit of creditors before paying appellant for the boiler.

Romney, Boyer & Ronnow, Salt Lake City, for appellant.

Rich, Elton & Mangum, H. Wright Volker, Salt Lake City, for respondent.

McDONOUGH, Justice.

Appellant brought suit under Sections 14-2-1 and 14-2-2 U.C.A.1953, which provide as follows:

"14-2-1. Bond to protect mechanics and materialmen. The owner of any

interest in land entering into a contract, involving $500 or more, for the construction, addition to, or alteration or repair of, any building, structure or improvement upon land shall, before any such work is commenced, obtain from the contractor a bond in a sum equal to the contract price, with good and sufficient sureties, conditioned for the faithful performance of the contract and prompt payment for material furnished and labor performed under the contract. Such bond shall run to the owner and to all other persons as their interest may appear; and any person who has furnished materials or performed labor for or upon any such building, structure or improvement, payment for which has not been made, shall have a direct right of action against the sureties upon such bond for the reasonable value of the materials furnished or labor performed, not exceeding, however, in any case the prices agreed upon; which right of action shall accrue forty days after the completion, or abandonment, or default in the performance, of the work provided for in the contract.

"The bond herein provided for shall be exhibited to any person interested, upon request."

"14-2-2. Failure to require bond—Direct liability. Any person subject to the provisions of this chapter, who shall fail to obtain such good and sufficient bond, or to exhibit the same, as herein required, shall be personally liable to all persons who have furnished materials or performed labor under the contract for the reasonable value of such materials furnished or labor performed, not exceeding, however, in any case the prices agreed upon."

These statutes were held valid in the case of Rio Grande Lumber Co. v. Darke.[1]

Introduced into evidence as Pre-trial Exhibit No. 1 was the invoice between appellant and Walsh, which had stamped upon it the following:

"The merchandise specified in this order is purchased for resale and therefor is not subject to the state sales tax."

The invoice was billed to Walsh Plumbing, but the point of delivery of the boiler was respondent's place of business. Based upon Exhibit No. 1 alone the trial court granted respondent's motion to dismiss stating:

"The record may show that I am going to grant the defendant's motion to dismiss, and I do it upon the ground and for the reason that Pretrial Exhibit No. 1 shows that Crane Company had sold the same to Walsh Plumbing and Heating Company for resale and

1. 50 Utah 114, 167 P. 241, L.R.A.1918A, 1193.

416

that they were not the owner of the boiler and equipment at the time it was placed in the property of the Utah Motor Park, Incorporated."

Under this state of facts plaintiff below appeals, alleging that the lower court erred in dismissing its complaint.

 Appellant's contention is well founded. The trial court relied solely on the fact that the invoice from appellant stated the boiler was for "resale" by Walsh. The record is devoid of any other evidence relating to the agreement between Walsh and respondent or between Walsh and appellant.

The purpose of the mechanics' and materialmen's lien statutes and likewise the statutes quoted hereinabove, is to prevent the owners of land from having their lands improved with the materials and labor furnished and performed by third persons, and thus to enhance the value of such lands, without becoming personally responsible for the reasonable value of the materials and labor which enhance the value of those lands. The owner may escape personal liability by obtaining the bond as required by the statute.[2]

Under the facts before us here it is impossible to determine the true nature of the relationship between Walsh and the respondent. The invoice in evidence indicates a purchase and sale agreement. Such, standing alone, is not enough to support the lower court's ruling. It is only evidence—though persuasive—to be considered along with other factors. If upon further hearing it should be determined that Walsh purchased the boiler from appellant for resale and that he did in fact resell it to respondent, and, as incidental to that sale and the delivery of the boiler, Walsh Company agreed to install the same, then the relationship between Walsh and the appellant would be the relationship of vendor-wholesaler and vendee-retailer. In such situation Walsh, not Crane Company, would be the materialman. See Harris & Stunston, Inc. v. Yorba Linda Citrus Ass'n, 135 Cal.App. 154, 26 P.2d 654.

If, on the other hand, Walsh Company entered into a contract for the alteration or repair of respondent's structure and incidental thereto purchased the boiler from appellant to be incorporated in the improvement, appellant could be found to be a materialman.

In view of the paucity of facts in the record, it is necessary that the judgment of dismissal be set aside and the case be remanded for further proceedings. It is so ordered. Costs to appellant.

CROCKETT, C. J., and WADE, WORTHEN and HENRIOD, JJ., concur.

2. Liberty Coal & Lumber Co. v. Snow, 53 Utah 298, 178 P. 341.