493 P.2d 607

**LAWSON SUPPLY COMPANY, Plaintiff and Respondent,**

v.

**GENERAL PLUMBING & HEATING, INC., a corporation, et al., Defendants and Respondents.**

**No. 12362.**

Supreme Court of Utah.

Jan. 24, 1972.

Fuller, Beesley & Decker, Wilford A. Beesley, Orval C. Harrison, Salt Lake City, for defendants-appellants.

Irwin Arnovitz, Allen H. Tibbals, Salt Lake City, for plaintiff-respondent.

CALLISTER, Chief Justice:

Defendants, Todd and Lignell, owners of an interest in land, entered into a contract with one Berg for the construction of an apartment house for the price of $460,000. These defendants did not obtain from Berg a bond in a sum equal to the contract price to assure payment for materials furnished under the contract as provided in § 14–2–1, U.C.A.1953. Berg entered into a subcontract with General Plumbing & Heating, Inc., to perform the plumbing and supply

plumbing materials in accordance with the building contract. Lawson Supply Company, plaintiff, furnished price quotations to General Plumbing, and, thereafter, according to the findings of the trial court, plaintiff furnished and delivered materials to General Plumbing to the premises for the purpose of permitting these materials to be incorporated into the building being erected. Berg fully paid General Plumbing. However, General did not pay plaintiff for plumbing supplies and materials of the value of $8,200.20. Plaintiff recovered judgment for this sum, plus interest and costs against Todd and Lignell under § 14–2–2, U.C.A.1953, which provides for personal liability for owners of land who fail to obtain a bond under § 14–2–1.

On appeal, defendants contend that plaintiff was not a materialman within the provisions of the statutes. They assert that plaintiff was not furnishing materials under any specific contract for construction of a building and extending credit thereunder. They claim that the materials were furnished as an ordinary sale in the usual course of trade as evidenced by an open account maintained by General with plaintiff for the past 20 years; and that plaintiff extended credit to the subcontractor, General Plumbing, and not to the contract job. Defendants rely on Crown

Roofing and Engineering Co. v. Robinson,[1] wherein this court held that the trial court was justified in finding that a supplier was not a materialman, where there was no evidence that the supplier of the subcontractor was furnishing the material under any specific contract for the construction of a building.

■ Whether a supplier is a materialman within the purview of § 14–2–1, U.C.A.1953, must be determined by the true nature of the relationship between the contractor or subcontractor and his supplier. The trial court must consider the evidence and determine whether the contractor purchased material for resale, and did, in fact, resell it, and incidental to that sale and delivery did install the same; or whether the contractor, under a contract for the construction, alteration or repair of the owner's structure, and incidental thereto, purchased the material from the supplier to be incorporated in the improvement.[2]

In the Crown Roofing case,[3] the trial court, in determining the true relationship between the supplier and subcontractor, found the accounting system of the supplier to be of evidentiary significance, i. e., the supplier extended credit to the subcontractor and not to the contract job. The trial court found that the subcontractor

1. 19 Utah 2d 417, 432 P.2d 47 (1967).

2. Crane v. Utah Motor Park, Inc., 8 Utah 2d 413, 416, 325 P.2d 837 (1959).

3. Note 1, supra.

purchased the bulk of his materials from the supplier, which he used in his roofing business generally; and the supplier, without regard to the subcontractor's use of them, simply maintained an open account to reflect the purchases. There was no evidence that the supplier was furnishing the material under any specific contract for the construction of an improvement. Under such circumstances the supplier was found not to be a materialman.

■ In the instant action, the record substantiates the findings of the trial court that plaintiff's method of keeping records enabled it to identify the contract job to which it delivered the materials; that the materials supplied were not delivered to General on an open account but were delivered specifically for the apartment structure; and that plaintiff's records adequately separated the supplies and materials for the apartment from other minor purchases made by General. The evidence clearly established that the materials were not supplied under a general purchase and sale agreement but that General, under a contract for the construction of a building and incidental thereto, purchased the material from plaintiff to be incorporated in the improvement. The trial court did not err in its determination the plaintiff was a materialman.

4. 20 Am.Jur.2d, Costs, § 56, p. 44.

Defendants further assert that the trial court erred in allowing as costs the expenses incurred by plaintiff in the taking of depositions.

Recoverable costs include the expense of taking depositions, unless it is made to appear the depositions were unnecessary. Whether the taking of a deposition was reasonably necessary to the protection of the party's rights is a question primarily for the trial court to decide on all the facts and circumstances of the case. . . .[4]

A test, which has been applied in determining the propriety of allowing as costs to the prevailing party the expense of a deposition taken by him, is whether the deposition was necessarily obtained in the sense that the taking of the deposition and its general content were reasonably necessary for the development of the case in the light of the situation then existing.[5]

■ Plaintiff took the depositions of defendants, Todd and Lignell, and general contractor, Berg. At the time of taking the depositions, plaintiff had filed a mechanic's lien, and, under its theory of the case, the date of completion of the building, which was disputed, was of great significance. Subsequently, the trial court held that the lien was not timely filed. The foregoing illustrates but one of the

5. 5.20 Am.Jur.2d, Costs, § 58, p. 46.

facts, which were discovered in the depositions, in the development of the case. The trial court, through its inclusion of the depositions in the costs, impliedly found them reasonably necessary to protect the plaintiff's rights; there appears to be no abuse of discretion involved therein.

The judgment of the trial court is affirmed. Costs are awarded to plaintiff.

TUCKETT and CROCKETT, JJ., concur.

HENRIOD, Justice (concurring and dissenting):

I concur in that part of the decision adjudging Lawson to have been a materialman under the statute, but respectfully dissent from that part adjudging that the expense of depositions is assessable as costs. I think this latter conclusion is a product of none of this court's business, amounts to judicial legislation, and is bottomed on no legitimate authority save our own ipse dixit.

There were no assessable costs at common law.[1] They are strictly statutory.[2] There is absolutely nothing in our statutes having to do with depositions being assessable as costs. There was nothing there before the rules were promulgated and it seems clear from Rule 54(d) and the compiler's notes that no change was intended to include depositions as costs where they did not exist before.

So far as depositions may be canvassed as possible taxable costs they are on exactly the same footing as attorney's fees which this court twice unanimously has held were not taxable costs.[3] Other courts have held depositions not taxable as costs.[4]

The reason for nontaxability seems obvious: The litigant with means effectively can force an unfair settlement with the deposition, if it can be taxed as costs. It can be an implement of imbalance, like weighing a baseball bat on one plate of the scales of justice against a toothpick on the other. The mere threat of taking deposi-

1. Blackstone's Commentaries, Vol. III, p. 399.

2. Footnote 1; such as evidenced by Rule 75(p) (4), briefs; Rule 75(e), matters unessential for appeal; Title 21-5-8, U.C.A.Repl.Vol.1953, witness fees; Title 78-56-12 and 78-56-9, U.C.A.1953, reporter's fees; Title 21-5-17, U.C.A.1953, Repl.Vol.1953, interpreter's fees; Title 78-25-23, U.C.A.1953, Repl.Vol.1953, paternity blood tests. Openshaw v. Openshaw, 80 Utah 9, 12 P.2d 364 (1932); Checketts v. Collins, 78 Utah 93, 1 P.2d 950 (1931); Bacon v. Harris, 71 Utah 223, 263 P. 920 (1928); Rickenberg v. Capitol Garage, 68 Utah 30, 249 P. 121 (1926); Houghton v. Barton, 49 Utah 611, 165 P. 471 (1917).

3. Hawkins v. Perry, 123 Utah 16, 253 P.2d 372 (1953); Holland v. Brown, 15 Utah 2d 422, 394 P.2d 77 (1964).

4. Hamman v. Witherstine, 20 Ohio Misc. 77, 252 N.E.2d 196 (Ohio App.1969); Gustin v. Johannes, 36 Wis. 195, 153 N.W.2d 70 (1967); Long v. Henderson, 459 S.W.2d 542 (Ark.1970).

tions, if they could be taxed as costs, would lead a poor litigant to an undeserved, unfair and unconscionable settlement and to the bankruptcy court if he happened to lose,—and it is pretty difficult these days to buy sure-win-insurance.

The argument that depositions should be taxed as costs because necessary to prepare one's case, equally would be applicable to expenses in hiring a private eye, taking a trip to Acapulco to interview a witness, or the cost in salary of the time consumed by a lovely Flossie Fosham while taking dictation from her Simon Legree employer. Fact is, most all cases can be developed on both sides by use of interrogatories, requests for admissions, pretrial conferences and the other discovery processes.

In the past few years it has been this writer's observation and opinion that the deposition has become a basis for abuse in the judicial process. It takes people away from their work, it harasses them without any cross-examination, it increases legal fees and wastes manilla envelopes and scotch tape. It would surprise the average person to know how many cases come to this court where the depositions have not been published. The present case is an example in point. There were three depositions taken. Two of them were never used in court, and the third unnecessarily was used while the witness was in court on the witness stand. It is my guess that everything in these depositions could have been revealed within the four corners of the statutory discovery procedure without our unauthoritative enunciation of a dangerous rule having no common law nor statutory sanction in this state.

ELLETT, Justice (concurring):

I concur but desire to explain my concurrence as to the granting of costs of depositions in this case.

I do not believe that costs should be allowed for the taking of depositions for discovery purposes only. Such information can be obtained from parties by demands for admissions and the service of written interrogatories. It is my belief that unless a deposition is taken in good faith for use in court, as for example where a witness is not expected to be available for the trial, it is not taxable unless the deposition is actually and necessarily used in court.

The citation in the prevailing opinion from 20 Am.Jur.2d, Costs § 56, p. 44, says there is one case holding that the cost of a deposition can be taxed if it was reasonably necessary in the *development* of the case, and that is a Federal Supplement case. The cases to the contrary are in my opinion based on better reasoning.

This court in Hull v. Goodman,[1] refused to allow the cost of depositions taken when

1. 4 Utah 2d 163, 290 P.2d 245 (1955).

the parties were in court available to testify. There are other cases to the same effect.[2]

The reason why I am concurring regarding the assessment of costs of the depositions is that in the course of trial the appellants moved to publish all depositions. By so moving, the appellants indicated their belief that the depositions were necessary in connection with the trial of the case. They ought not be heard to complain if the trial judge was of the same opinion.

---

2. Morris v. Redak, 124 Colo. 27, 234 P.2d 908 (1951); Treasure State Industries v. Leigland, 151 Mont. 288, 443 P.2d 22 (1968); Dorner v. Red Top Cab & Baggage Co., 160 Fla. 882, 37 So.2d 160 (1948); Arnesen v. Rowe, 46 Wash.2d 718, 284 P.2d 329 (1955).