Ronald J. NELSON and Donald L. Smith, Plaintiffs and Appellants,

v.

T. G. NEWMAN, Defendant, Respondent, and Cross-Appellant.

No. 15182.

Supreme Court of Utah.

July 27, 1978.

Roger F. Cutler, and Lynn G. Foster, Salt Lake City, for plaintiffs and appellants.

David R. Olsen, Salt Lake City, for defendant, respondent and cross-appellant.

WILKINS, Justice:

Plaintiffs brought action against defendant in the District Court of Salt Lake County, sitting with a jury, on nine separate claims, praying, inter alia, for declaratory judgment with respect to the validity of a written contract for the purchase of business assets; for modification of said contract to include oral covenants made during negotiations; for damages for breach of said contract; and for damages for breach of subsequent oral contracts. Defendant counterclaimed, praying, inter alia, for judgment accelerating payments under said written contract on the basis of the default of the buyer, Plaintiff Nelson. From judgment entered by the District Court for Salt Lake County partially in favor of Plaintiff Nelson and partially in favor of defendant, these two parties appeal.

All references to Rules are to Utah Rules of Civil Procedure.

The parties entered into a written contract whereby Plaintiff Nelson agreed to purchase, and Defendant Newman agreed to sell the assets of defendant's metal salvage business. All parties agree that Plaintiff Smith was a guarantor of the payments to be made by Nelson under the contract. Concurrently with the execution of the written contract Nelson also executed 57 promissory notes in the amount of $150 each, payable to defendant. Smith is not a guarantor on these notes, which represent monthly payments under the contract. Each note has a due date one month later than the preceding one.

At the close of plaintiffs' evidence defendant moved for a directed verdict in his favor, and at that time the Court reviewed the evidence with respect to each of the claims and found or noted, as applicable: (1) That the written contract was by its terms the integrated agreement of the parties, and could not be modified by parol evidence concerning warranties and representations made prior to the execution of the contract, nor was that parol evidence

admissible on the grounds of fraud for the reason that plaintiffs had failed to plead fraud with the particularity required by Rule 9(b); (2) Two of plaintiffs' counts and five of the counts in defendant's counterclaim were dismissed upon stipulation of counsel; (3) With respect to the alleged subsequent oral contracts, there was either insufficient evidence to show that there had been a meeting of the minds, or no evidence of any consideration to support such agreements; and (4) That there was no dispute with respect to any facts which would require submission of the case to the jury. These facts included those regarding breaches of the contract by defendant, the amount of damages sustained by Plaintiff Nelson as a result of such breaches (which were stipulated to by defendant), and the number of promissory notes which had not been paid by Plaintiff Nelson since the commencement of the action.

All of the Court's determinations and findings as above stated are supported by the evidence and are affirmed. The parties' arguments on appeal with respect to claimed error therein are without merit.

The Court further determined on plaintiffs' prayer for declaratory judgment that the parties intended the plaintiffs' obligations under the contract to be superseded by Nelson's execution of the promissory notes; that plaintiff was obligated to pay the notes only as they came due; and that as Plaintiff Smith was not a guarantor on the notes, he had no further obligation to defendant.

The Court then granted defendant's motion for a directed verdict on the remaining issues and entered judgment as follows: (a) in favor of Plaintiff Nelson in the amount of $200 damages pursuant to stipulation; (b) in favor of defendant on his counterclaim, for $1,347.50, the amount due on the notes which had accrued and remained unpaid since commencement of the action, together with attorneys' fees in the amount of $1,935 and costs of $302.45; and (c) against defendant on his counterclaim to accelerate payments under the contract.

Defendant, in his appeal, contends that the Court erred in finding that the plaintiffs' obligations under the contract were superseded by the promissory notes. Each of the notes contains the notation: "This is note No. _____ of a series of 57 notes which represent the payments set forth in that certain Conditional Sales Contract . . . ." The reasonable interpretation of that notation is that the parties intended the notes to pay and extinguish the obligations under the contract, and we do not find that the Court erred in so finding, nor in finding that the acceleration clause of the contract and Plaintiff Smith's obligations as a guarantor under the contract were likewise extinguished.

Plaintiff, in his appeal, contends that the Court erred in not submitting to the jury the question of whether the admitted breaches of contract on the part of defendant were material and substantial so as to justify non-performance by plaintiff. Plaintiff, however, prayed for judgment that the subject contract was valid and enforceable, and did not pray for rescission of the contract. As plaintiff did not raise this issue of rescission below he cannot raise it for the first time on appeal.

As noted ante, the Court granted to defendant attorneys' fees in the amount of $1,935, and costs of $302.45, which included $242.25 as the costs of depositions taken by defendant. Plaintiff objects to these amounts as being excessive and not substantiated by the evidence.

The promissory notes contained a clause whereby Plaintiff Nelson agreed to pay "all costs of collection including reasonable attorney's fees" if the notes were placed with an attorney for collection. Defendant's counsel, whose reasonable hourly rate was $35, testified that he had expended in excess of 56 hours in defense of plaintiffs' claims and prosecution of defendant's counterclaims, and the Court found that $1,935 was a reasonable fee under the circumstances of this case. Defendant's counsel testified that he had expended these hours on the entire case, and "had no idea" what portion of that time was attributable to the

collection of the notes. We have previously held that the contractual liability for payment of attorney's fees extends only to the amount necessary for the enforcement of the contract[1] (here the collection of the notes).

█ In this case, however, the Court awarded costs, including attorneys' fees, by virtue of the provisions of Rule 68(b), which provides:

> At any time more than ten days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. . . .
>
> An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

Defendant filed such an offer to have judgment taken against him more than 10 days before the trial, which offer was more favorable to plaintiff than the judgment obtained by plaintiff, and which offer was not accepted by him. Rule 68(b), however, applies to taxable costs only. Attorney's fees are not taxable as costs, but may be awarded against an opposing party only if there is contractual or statutory liability therefor.[2] Defendant is entitled to reasonable attorney's fees for the collection of the

notes as noted ante, but he failed in his burden of proof with regard to the amount of time necessarily spent for that purpose.

█ The Court also erred in awarding defendant costs of taking depositions. And Rule 68(b) is not dispositive on this matter; rather the critical consideration is that the depositions were not used by defendant during the course of the trial, and he presented no evidence that the costs of these depositions were necessarily incurred for the preparation of defendant's case.[3]

Defendant argues though that the Court's award of costs of the depositions to defendant was proper as the motion of Plaintiff Nelson, who was dissatisfied with these costs, to have costs taxed by the Court was not timely under Rule 54(d)(2).[4] In this case defendant served and filed his verified memorandum of costs on March 4, 1977. Judgment, however, was not entered until March 31, 1977, and included within it were the specific costs of $242.25 as costs of depositions. Plaintiff Nelson moved on April 11, 1977 (April 10 was a Sunday) to amend the judgment claiming, inter alia, that the $242.25 should be disallowed. If a memorandum of costs is filed before judgment and costs in specific amounts are awarded in that judgment, (even if erroneously included as specifically enumerated items) then a party dissatisfied with those costs may have the right of moving to alter or amend the costs in the judgment under Rule 59(a)(3), enjoying thereby the time period of ten days to do so rather than the more restricted period of seven days under

---

1. *Stubbs v. Hemmert,* Utah, 567 P.2d 168 (1977).

2. See *Stubbs v. Hemmert, supra; Walker v. Sandwick,* Utah, 548 P.2d 1273 (1976).

3. See *Lawson Supply Co. v. General Plumbing & Heating, Inc.,* 27 Utah 2d 84, 493 P.2d 607 (1972).

4. That section provides:
   The party who claims his costs must within five days after the entry of judgment serve upon the adverse party against whom costs are claimed, a copy of a memorandum of the items of his costs and necessary disbursements in the action, and file with the court a like memorandum thereof duly verified stat-

ing that to affiant's knowledge the items are correct, and the disbursements have been necessarily incurred in the action or proceeding. A party dissatisfied with the costs claimed may, within seven days after service of the memorandum of costs, file a motion to have the bill of costs taxed by the court in which the judgment was rendered.

A memorandum of costs served and filed after the verdict, or at the time of or subsequent to the service and filing of the findings of fact and conclusions of law, but before the entry of judgment, shall nevertheless be considered as served and filed on the date judgment is entered.

Rule 54(d)(2). We perceive no valid reason why the shorter limitation period should prevail in *this* type of situation.

The judgment of the District Court is affirmed, except the award of $242.25 costs, and $1,935 attorneys' fees to defendant and against plaintiff, which is reversed. Costs to Plaintiff Nelson.

ELLETT, C. J., and MAUGHAN and HALL, JJ., concur.

HALL, J., also concurs in the views expressed in the concurring opinion of CROCKETT, J.

CROCKETT, Justice (concurring with comments).

I concur in the decision but add these comments.

The striking of the $242.25 as the costs incurred by the defendant in taking depositions necessarily amounts to a ruling that the trial court abused its discretion in denying the plaintiff's motion to strike that item of costs. Though I offer no argument against that ruling, I think it deserves a bit of explanation.

The statement in the court's opinion that "the critical consideration is that the depositions were not used by the defendant during the course of the trial" may be subject to misunderstanding and perhaps misapplication in other circumstances. I do not think that whether the expense of taking a deposition should be allowed as costs should depend entirely on whether it was actually used during the trial. It may well be that it serves a useful and legitimate purpose and yet never be necessary to use it during the trial.

A good statement of the law to which I subscribe was made by Chief Justice Callister in the *Lawson Supply Co.* case, footnote 3 main opinion:

> A test which has been applied in determining the propriety of allowing as costs
> . . . the expense of a deposition
> . . . is *whether the deposition was*

necessarily obtained in the sense that the taking of the deposition . . . [was] *reasonably necessary for the development of the case* in the light of the situation then existing. [Citing authority.] [Emphasis added.]

Further, whether that test is met would normally rest within the sound discretion of the trial court. However, in this case, because of the fact that the depositions were neither used in the trial, nor was any showing made or offered that they had been necessary for any other purpose in connection with the case, I do not disagree with what amounts to a ruling by this Court that the trial court abused its discretion in allowing the costs of the depositions.