Anna ANDERSON, Plaintiff
and Appellant,

v.

Leonard D. SHARP, Defendant
and Appellee.

No. 940131–CA.

Court of Appeals of Utah.

July 20, 1995.

---

Jackson Howard, Provo, for appellant.

R. Phil Ivie, Jeffrey C. Peatross and David N. Mortensen, Provo, for appellee.

Before ORME, DAVIS and JACKSON, JJ.

## OPINION

ORME, Presiding Judge:

Anna Anderson appeals the trial court's order denying her motion for judgment notwithstanding the verdict or a new trial and her motion to disallow defendant's cost bill. We affirm the court's denial of Anderson's motion for judgment notwithstanding the verdict, but remand for a determination of the necessity of the depositions included in the award of costs to defendant.

### FACTS

On the morning of March 10, 1988, Anderson was driving from Provo to Salt Lake City on Interstate 15. When she left Provo the weather was clear and the road was dry, although a storm from the previous night had deposited a considerable amount of

snow on the road. The snow had been cleared onto the road's shoulder.

As Anderson approached the area known as "Point of the Mountain," the road conditions changed, with strong winds blowing snow onto the road. Anderson, traveling in the center lane, passed a snowplow that was clearing snow from the right and emergency lanes. According to Anderson, the strong winds created a blizzard effect that completely engulfed her vehicle and drastically reduced her visibility. Despite the poor visibility, Anderson testified that she was able to see well enough to detect the brake lights on a car a fair distance ahead of her. Anderson responded to the poor driving conditions by slowing down.[1] Defendant Leonard Sharp, who was travelling behind Anderson, did not slow down in time to avoid colliding into the rear of Anderson's car.

Sharp's testimony differed somewhat. Sharp testified that the blowing snow and the snow thrown from the plow combined to block his vision completely. Sharp testified that he slowed down in response to the poor visibility. Upon emerging from the blinding snow, Sharp saw Anderson's car and realized that "we were going to hit if she didn't push on her gas." Sharp applied the brakes, but was unable to stop before colliding into Anderson's car.

Anderson filed a complaint alleging Sharp was negligent in causing the accident. Discovery ensued, and settlement discussions were unavailing. Prior to trial, counsel for both parties submitted proposed jury instructions. Among these instructions, Anderson's counsel submitted Instruction No. 6, suggesting a presumption of negligence on the part of a driver who collides with another car from behind. Instruction No. 6 provided:

In most cases where one car "rear-ends" another, it accords with common sense and experience to believe that the following car has disregarded the duty to keep a lookout ahead and to keep the car under control, and is, therefore, at fault. But such a

conclusion is not necessarily always correct. It may depend upon the particular circumstances.

Among the instructions requested by Sharp's counsel was Instruction No. 22, commonly referred to as an "unavoidable accident" instruction. Specifically, Instruction No. 22 stated:

The law recognizes unavoidable accidents. An unavoidable accident is one which occurs in such a manner that it cannot justly be said to have been proximately caused by negligence as those terms are herein defined. In the event a party is damaged by an unavoidable accident, he has no right to recover, since the law requires that a person be injured by the fault or negligence of another as a prerequisite to any right to recover damages.

Trial was first commenced in August of 1992. However, because a juror had spoken with Anderson during the course of the trial, the court ordered a mistrial. Accordingly, the case was retried on November 2–4, 1993. Prior to the second trial, on October 8, 1993, the Supreme Court disallowed the use of "unavoidable accident" instructions. *See* *Randle v. Allen*, 862 P.2d 1329, 1334–36 (Utah 1993). Therefore, the trial court did not give the jury an unavoidable accident instruction. The court also did not give the rear-end presumption instruction. The jury returned a verdict in favor of Sharp, finding that he was not negligent.

Both parties filed post-trial motions. Sharp filed a motion to collect $2100.17 for costs associated with defending the action. Anderson moved for judgment notwithstanding the verdict, or, in the alternative, a new trial. Anderson also filed a motion to have costs taxed by the court and certain costs disallowed. By order entered December 9, 1993, the trial court awarded Sharp his requested costs and denied Anderson's motions. It is from this order that Anderson now appeals.

---

1. The rate at which Anderson slowed was disputed at trial. Defendant claimed that Anderson braked suddenly, coming to a virtual stop on the freeway. In contrast, Anderson claimed that she did not recall applying her brakes and alleged that she could not have reduced her speed much as she never down-shifted from fourth gear.

## ISSUES PRESENTED AND STANDARD OF REVIEW

On appeal, Anderson contends that judgment notwithstanding the verdict or, alternatively, a new trial should have been granted. She does not premise her attack on "a claim that there was insufficient evidence to support the verdict." *See, e.g., Heslop v. Bank of Utah,* 839 P.2d 828, 839 (Utah 1992). Rather, she argues the trial court should have granted her motions because of two alleged errors at trial: First, the court failed to instruct the jury that a driver who hits another car from behind is presumptively negligent; second, the court permitted Sharp to present to the jury his theory that the accident was unavoidable. The court's failure to give the requested jury instruction and its allowing Sharp to present his unavoidable accident theory are matters of law which we review for correctness. *See Ames v. Maas,* 846 P.2d 468, 471 (Utah App.1993); *Mikkelsen v. Haslam,* 764 P.2d 1384, 1387 (Utah App.1988). In the posture of this appeal, if the trial court's decisions in these respects were correct, it follows that its disposition of Anderson's post-trial motions was also correct. Anderson additionally claims that the court should not have awarded certain costs to Sharp.

## REAR–END PRESUMPTION

■ Anderson contends the trial court erred by failing to instruct the jury that a person operating a vehicle that "rear-ends" another vehicle is presumed to have been negligent. Sharp claims that not only is there no such presumption under Utah law, but that Anderson has failed to preserve this issue for appeal.

■ Rule 51, Utah Rules of Civil Procedure, provides, in pertinent part, that "[n]o party may assign as error the giving or the failure to give an instruction unless he objects thereto." If an objection is not made regarding the failure to give a jury instruction, the issue is deemed waived on appeal. *VanDyke v. Mountain Coin Mach. Distribs., Inc.,* 758 P.2d 962, 964 (Utah App.1988). The grounds for any objection to the failure to

give a jury instruction must be distinctly and specifically stated on the record. *Id.* at 964–65. The requirement of a specific objection on the record ensures that the trial court will understand the basis for the objection and have an opportunity to correct any error before the case goes to the jury. *Id. See State v. Kazda,* 545 P.2d 190, 192–93 (Utah 1976). Moreover, the party claiming the error bears the responsibility for making sure " 'the record adequately preserves an objection or argument for review in the event of an appeal.' " *King v. Fereday,* 739 P.2d 618, 621 (Utah 1987) (quoting *Barson v. E.R. Squibb & Sons, Inc.,* 682 P.2d 832, 837 (Utah 1984)).

In the instant case, Anderson submitted her proposed jury instructions on August 10, 1992, just prior to the first trial. Anderson included Instruction No. 6, concerning the presumption of negligence in a rear-end collision, among these instructions. However, the record does not indicate whether Anderson resubmitted Instruction No. 6, or requested a similar instruction regarding a rear-end presumption, prior to the question of Sharp's negligence going to the jury in the second trial.

In accordance with Rule 51, the court, during the second trial, gave the attorneys the instructions it intended to give to the jury. The court noted that the instructions were not significantly different from the instructions for the first trial, but specifically cautioned the attorneys to review them.

Thus, the court allowed Anderson and Sharp to offer objections and note exceptions to the instructions before it gave them to the jury. Although Anderson was provided this opportunity, she failed to object specifically to the absence of Instruction No. 6, or some other instruction concerning a presumption of negligence in the event of a rear-end collision. Accordingly, we do not reach the issue of whether a presumption of negligence arises in a rear-end collision because Anderson did not preserve her objection to the trial court's failure to so instruct the jury.[2]

---

**2.** Anderson contends she has not waived her right to appeal the failure to instruct the jury on

## UNAVOIDABLE ACCIDENT

■ Anderson contends that it was error for the court to allow Sharp to present his theory that the accident was unavoidable. Anderson relies on the Supreme Court's decision in *Randle v. Allen*, 862 P.2d 1329 (Utah 1993), which prohibits the use of an unavoidable accident jury instruction. *Id.* at 1334–36. The Court disallowed the use of the unavoidable accident instruction because it believed the instruction had "substantial potential for confusing and misleading the jury." *Id.* at 1335.

However, *Randle* does not preclude a defendant from arguing the facts of the case and presenting a *theory* that the accident was unavoidable. The Court expressly recognized that

accidents do occur which might be unavoidable or for which the defendant or defendants are not negligent. In such cases, if the state of the evidence warrants it, the trial judge should direct a verdict, or the jury, applying proper instructions on the elements of negligence and burden of proof, should find no liability.

*Id.* at 1336. Thus, *Randle* does not preclude a defendant from presenting to the jury the theory that an accident was unavoidable; instead, it prohibits the court from instructing the jury on unavoidability because such an instruction " 'diverts the attention of the jury from the primary issue of negligence and necessarily creates the impression in the minds of the jurors of a second hurdle that plaintiff must overcome if he is to prevail.' " *Id.* at 1335 (quoting *Graham v. Rolandson*, 150 Mont. 270, 435 P.2d 263, 273 (1967)).

■ In the instant case, the court did not give an "unavoidable accident" instruction to the jury. Instead, the court properly instructed the jury as to the elements of negligence and allowed the jury to determine whether Sharp was negligent.[3] Therefore, the trial court did not commit error by allowing Sharp to present his theory that he was not negligent because the accident was unavoidable under all the circumstances.

## COSTS

■ The trial court awarded Sharp $2100.17 for costs incurred in defending this action. The award included $771.42 in deposition costs. Anderson contends deposition costs should not be recoverable under Rule 54(b), Utah Rules of Civil Procedure, and that if such costs are recoverable, the trial court abused its discretion in awarding such costs in this case because it failed to justify

the presumption of negligence in rear-end collisions because, in the course of arguing her motion for directed verdict, she discussed at length the proper standard of care with which to charge the jury. Pursuant to her motion for directed verdict, plaintiff argued that "[y]ou can't run into the back of a vehicle without an explanation.... And the explanation has to be [offered by defendant], otherwise the inference is clearly that of negligence." However, plaintiff took no exception to the trial court's failure to include a rear-end presumption instruction in the proffered jury instructions. Raising the issue of the rear-end presumption in the context of a motion for directed verdict in no way called the court's attention to a potential error in the jury instructions. *Cf. Laws v. Blanding City*, 893 P.2d 1083, 1084 n. 2 (Utah App.1995) (plaintiff preserved claim of erroneous jury instruction by taking exception to proposed instructions and referencing argument made in opposition to motion for directed verdict). Quite the contrary, a motion for directed verdict suggests the issue should be removed from the jury's consideration. *See Management Comm. ex rel. Owners of Condominiums v. Graystone Pines, Inc.*, 652 P.2d 896, 897–98 (Utah

1982) (directed verdict only appropriate if court concludes that, as a matter of law, "reasonable minds would not differ on the facts to be determined from the evidence presented").

3. Anderson contends that Instruction No. 9 is substantially similar to an unavoidable accident instruction, and thus should not have been given. Specifically, Anderson complains of the following language contained within the instruction: "The mere fact that the event complained of occurred does not support an inference that any party to this action was negligent." However, unlike the unavoidable accident instruction that tends to mislead the jury by emphasizing the defendant's theory of the case, *see Randle v. Allen*, 862 P.2d 1329, 1335 (Utah 1993), this instruction, taken from Model Utah Jury Instruction 3.3, raises no inference in favor of a verdict for either party. Other parts of the instruction make clear that the plaintiff has the burden of proving defendant's negligence.

Moreover, because Anderson failed to object to Instruction No. 9 at trial, she has failed to preserve this issue for appeal. *See* Utah R.Civ.P. 51; *State v. Verde*, 770 P.2d 116, 120 (Utah 1989).

the reasonableness and necessity of the costs.

The inclusion of deposition expenses in an award of taxable costs of an action has been criticized both because of the potential for economic abuse of the judicial process, *see Highland Constr. Co. v. Union Pac. R.R.,* 683 P.2d 1042, 1051 (Utah 1984); *Lawson Supply Co. v. General Plumbing & Heating, Inc.,* 27 Utah 2d 84, 88–89, 493 P.2d 607, 610 (1972) (Henriod, J., concurring & dissenting), and because no clearly articulable standard exists for determining which costs of litigation are strictly necessary, and thus recoverable. *See Frampton v. Wilson,* 605 P.2d 771, 774 (Utah 1980); *Lawson Supply Co.,* 493 P.2d at 610–11 (Henriod, J., concurring & dissenting). Indeed, the costs of depositions seem to be the only regularly awarded litigation cost in Utah for which there is no express authorization by statute or rule. *See Lawson Supply Co.,* 493 P.2d at 610 (Henriod, J., concurring & dissenting). Nonetheless, the Utah Supreme Court has held that, in certain circumstances, deposition costs are recoverable.

■ The prevailing party may recover deposition costs if the court determines the depositions were "taken in good faith" and appeared to be "necessary and reasonable" costs in a complex case in which less expensive means of discovery could not be employed. *Highland Constr. Co.,* 683 P.2d at 1051–52. *See Frampton,* 605 P.2d at 774. "[T]he party seeking the cost of depositions bears the burden of proving that the depositions were reasonably necessary." *Morgan v. Morgan,* 795 P.2d 684, 687 (Utah App. 1990). If a particular deponent did not testify at trial and his or her importance to the case is not readily apparent, the party claiming the cost must clarify why the deposition was necessary and why the information

sought could not be accomplished through less expensive means. *See id.*

In the instant case, the trial court included deposition costs in its award of costs to Sharp, but failed to indicate why it considered the depositions necessary. Instead, the court simply stated that it "finds the costs as submitted by the Defendant to be reasonable and necessary." The court's conclusory statement that the costs were "reasonable and necessary" is not sufficient to allow us to determine the basis for the trial court's determination as to the necessity of the depositions.[4] We therefore remand this issue to the trial court to determine whether the deposition costs were "necessary and reasonable" to the development of Sharp's case and, if it concludes they were, to state the basis for its decision.[5]

## CONCLUSION

By failing to object specifically before the trial court, Anderson waived the right to appeal the absence of a rear-end presumption instruction. Moreover, the court did not err by allowing Sharp to present his unavoidable accident theory to the jury. Accordingly, the court correctly denied Anderson's motion for judgment notwithstanding the verdict or for a new trial. However, we remand for a determination of whether the deposition costs were reasonably necessary to the development of Sharp's case.

DAVIS, Associate P.J., and JACKSON, J., concur.

---

4. The record indicates that the cost of deposing each party twice was included in the award of costs. While deposing the parties is generally an acceptable cost, *see Ames v. Maas,* 846 P.2d 468, 476 (Utah App.1993), the necessity of repeating these depositions is not readily apparent.

5. Of course, we do not disturb the award of costs insofar as attributable to Sharp's obtaining the transcript from the prior trial, as Utah Code Ann. § 78–56–8(1)(a) (1992) provides that transcripts may be properly taxed as costs.