502 P.2d 554

**OSCAR E. CHYTRAUS CO., INC., a corporation, Plaintiff and Respondent,**

v.

**WASATCH FURNACE & ELECTRIC, INC., a corporation, et al., Defendants and Appellants.**

**No. 12773.**

Supreme Court of Utah.

Oct. 30, 1972.

Ellett, J., dissented and filed opinion.

George J. Romney, Cannon, Greene & Nebeker, Steven H. Stewart, Salt Lake City, for defendants and appellants.

Van Cott, Bagley, Cornwall & McCarthy, Robert D. Merrill, Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The plaintiff commenced these proceedings in the court below seeking to recover the agreed price of certain air conditioning and heating equipment used in the construction of a business building owned by the defendant U.M.T.A. Credit Union. The court granted a summary judgment in favor of the plaintiff and against the defendant United States Fidelity and Guaranty Company, and that defendant has brought the case here.

During the month of September 1969, Earl D. Walters entered into a general contract to construct a building for the defendant U.M.T.A. In connection with the contract Walters obtained a bond from the defendant United States Fidelity & Guaranty Company for the protection of persons supplying labor and materials in connection with the project. An undertaking was furnished pursuant to the provisions of Section 14–2–1, U.C.A.1953, which reads as follows:

Bond to protect mechanics and materialmen.—The owner of any interest in land entering into a contract, involving $500 or more, for the construction, addition to, or alteration or repair of, any building, structure or improvement upon land shall, before any such work is commenced, obtain from the contractor a bond in a sum equal to the contract price, with good and sufficient sureties, conditioned for the faithful performance of the contract and prompt payment for material furnished and labor performed under the contract. Such bond shall run to the owner and to all other persons as their interest may appear; and any person who has furnished materials or performed labor for or upon any such building, structure or improvement, payment for which has not been made, shall have a direct right of action against the sureties upon such bond for the reasonable value of the materials furnished or labor performed, not exceeding, however, in any case the prices agreed upon; which right of action shall accrue forty days after the completion, or abandonment, or default in the performance, of the work provided for in the contract.

The bond herein provided for shall be exhibited to any person interested, upon request.

Wasatch Furnace & Electric, Inc., entered into a subcontract with Earl D. Walters whereby it agreed to furnish and install certain heating and air conditioning equipment. Wasatch Furnace & Electric, Inc. purchased a quantity of materials and

equipment from the plaintiff. The court found that these items of equipment and materials were used in the construction of the project. The construction of the building was substantially completed in February 1970, except that certain of the air conditioning equipment was not fully tested and adjustments made until June 1970.

■ On June 19, 1970, the plaintiff made demand for payment which demand was addressed to each of the defendants including United States Fidelity & Guaranty Company. The plaintiff did not receive payment and commenced these proceedings in the court below on September 3, 1970. After the materials and equipment were furnished to Wasatch Furnace & Electric, Inc., the latter became insolvent and bankruptcy proceedings were initiated in the United States District Court. On appeal the surety assigns as error the finding of the court below that the materials and equipment were used in the construction of the building. The United States Fidelity & Guaranty Company contends that the plaintiff sold the materials and equipment to Wasatch on an open account, and that the plaintiff is not a materialman under the terms of the bonding statute, and that the sales in this case fall within the ruling of the case of Crown Roofing and Engineering Co. v. Robinson.* The record supports the finding of the court that the materials and equipment in

question were incorporated in the building. It would also appear that the plaintiff would not qualify as a secured creditor under the bankruptcy laws.

■ The United States Fidelity & Guaranty Company further claims that the court erred in failing to grant its motion for a summary judgment based upon the provisions of the bond furnished by it which were not complied with by the plaintiff. The pertinent provision of the bond states:

> No suit or action shall be commenced hereunder by any claimant: (a) unless claimant, other than one having direct contract with the principal, shall have given written notice to any two of the following: the principal, the owner, or the surety above named, within 90 days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, . . . . .

It is admitted that the plaintiff did not give such a notice to the surety. However, Section 14–2–2, U.C.A.1953, as amended, provides that actions to recover on such liability shall be commenced within one year from the date the last materials were furnished or the labor performed. That provision of the statute is controlling here, and the terms of the bond which would attempt to restrict the period for the com-

* 19 Utah 2d 417, 432 P.2d 47.

**342**

mencement of an action on the bond must be regarded as surplusage.**

▮ The United States Fidelity & Guaranty Company further contends that the trial court erred in awarding the plaintiff interest. The record discloses that the equipment and materials invoiced to Wasatch provided that interest would be charged on past due accounts. The interest charged was within the limits permitted by the statute dealing with interest and was a part of the price agreed upon.

The judgment of the district court is affirmed. The respondent is entitled to costs.

CALLISTER, C. J., and HENRIOD and CROCKETT, JJ., concur.

ELLETT, Justice (dissenting).

I dissent. The statute[1] gives protection to "any person who has *furnished materials* or performed labor for or upon any such building, . . ." (Emphasis added.)

The plaintiff did not *furnish* any material to the job. It sold its material to Wasatch Furnace & Electric, Inc., (hereinafter called Wasatch) on open account. It did not collect a sales tax, thus showing clearly that it intended Wasatch *to resell* the material and to collect and remit the sales tax.[2] Even if Wasatch ordered the material delivered to the jobsite, there was no agreement between Chytraus and Wasatch for the material in question to be supplied to any particular job. Wasatch could have used the material on any building it chose.

The case of Crown Roofing and Engineering Company v. Robinson[3] is a case in point with the instant matter. There the plaintiff furnished a subcontractor with materials which were used on the defendant's home. The material was sold on open account to the subcontractor. This court in affirming judgment for the home owner[4] said:

. . . The trial court correctly concluded that the plaintiff was not a person furnishing materials under the contract entered into for the construction of a home. The plaintiff extended credit to the subconstractor and not to the contract job.

It would be just as proper to allow the wholesaler who sold to Chytraus to collect on the bond in case Chytraus failed to pay as it is to allow Chytraus to do so; or for that matter, if the main opinion is correct,

** Badley v. Towle, 9 Ariz.App. 321, 451 P. 2d 899; Kohles v. St. Paul Fire and Marine Insurance Co., 144 Mont. 395, 396 P.2d 724; 12 Am.Jur.2d 483, Sec. 7.

1. Section 14–2–1, U.C.A.1953.

2. Section 59–15–5, U.C.A.1953.

3. 19 Utah 2d 417, 420, 432 P.2d 47 (1967).

4. The home owner had not required a bond from the contractor and, therefore, under Section 14–2–2, U.C.A.1953, was personally liable to materialmen who furnished material to the job.

the jobber and the manufacturer should be covered by the bond if the one to whom they sold failed to pay.

I would reverse the judgment and award costs to the appellant.

Crockett, J., filed a dissenting opinion.