THOMAS R. P. STOCKER, APPELLANT, V. FRANK E. WELLS
ET AL., APPELLEES.

52 N. W. 2d 284

Filed March 7, 1952. No. 33113.

*T. R. P. Stocker,* pro se, for appellant.

*Ferneau & Kiechel,* and *Lee Kelligar,* for appellees.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

On July 16, 1948, this court decided Stocker v. Wells, 150 Neb. 51, 33 N. W. 2d 445, wherein plaintiff sought and secured a mandatory injunction in the district court requiring defendants Lehr and Wells to remove certain connected dikes constructed by them upon their adjacent premises, and enjoining them from constructing, maintaining, or erecting any dike or dikes that would impede the natural floodwaters of the Nemaha River. In that opinion we reversed the judgment and dismissed the action as to defendants Lehr, and affirmed in part and reversed in part the judgment against defendants Wells, and remanded the action against such defendants in part with directions.

The opinion concluded by saying: "The costs of the defendants Lehr are taxed to the plaintiff; all other costs are taxed to the defendants Wells."

Thereafter on August 4, 1948, plaintiff filed a motion in this court to clarify that portion of the opinion dealing with costs, in order that the method of arriving at the costs might be made definite and equitable in this court and guide the trial court in the taxation of costs in that court. The motion was overruled on September 22, 1948.

On October 5, 1948, the mandate issued from this court. Insofar as important here, it ordered and adjudged that in conformity with the opinion, made a part thereof, defendants Lehr should recover from plaintiff their costs in this court, taxed at $105.95, and also that plaintiff should recover from defendants Wells his costs taxed at $123.75, for which execution was awarded.

Thereafter on November 4, 1948, plaintiff filed in this court a "Motion to correct mistake, omission, and neg-

lect of clerk and to require costs to be taxed in accordance with opinion." The costs in this court taxed against plaintiff in favor of defendants Lehr included one-half cost of transcript from district court, one-half cost of printing brief, and one-half the docket fee. The costs in this court due plaintiff from defendants Wells included one-half the appearance fee and one-half the amount taxable for plaintiff's briefs. Such motion was overruled on November 8, 1948.

Thereafter on March 21, 1951, defendants Lehr filed a motion in the district court to tax the costs in that court. After a hearing thereon, whereat evidence was adduced by the parties, the trial court by written order sustained the motion and purportedly in accordance with the mandate of this court found and adjudged that defendants Lehr should recover from plaintiff $290.16 taxed as costs against plaintiff. It further found and ordered that certain depositions taken by plaintiff at a cost of $39.57 were unnecessary and should be disallowed as costs. Other small items taxed to plaintiff are not involved here. All other costs were taxed to defendants Wells. Therefrom plaintiff appealed to this court, assigning that the findings and order were not sustained by the evidence but contrary thereto and contrary to law and the mandate of this court. We conclude that the assignments should be sustained in part with regard to witness fees and mileage of two witnesses who were called and testified "on behalf of the defendants" and sustained in toto with regard to disallowance of the cost of depositions taken by plaintiff. Otherwise we conclude that the findings and order were correct and that the assignments have no merit.

As a matter of course it was the duty of this court when it disposed of the case as aforesaid to tax costs as in its discretion the equities of the cause required, as provided in section 25-1933, R. R. S. 1943. In that connection, three times this court has concluded that it did so in the case at bar, and in that connection also it was

the duty of the district court to obey the mandate of this court. As held in De Lair v. De Lair, 148 Neb. 393, 27 N. W. 2d 540: "When a case is sent back by the Supreme Court to the trial court with specific directions, the trial court has no alternative except to follow the directions given in the manner set forth therein."

In order to determine whether or not that was done, we have carefully examined every item taxed in favor of defendants Lehr and against plaintiff. In doing so we discover that the trial court obeyed the mandate of this court in every particular and did not abuse its discretion except in the taxation of fees and mileage of two witnesses which, apparently by oversight, were all taxed to plaintiff. In that regard two witnesses, C. A. Shannon and Roy N. Towl, were called by defendants to testify "on behalf of the defendants." The total sum of their witness fees and mileage, $20, was taxed in favor of defendants Lehr and against plaintiff, when only one-half thereof, or $10, should have been so taxed. The other one-half, or $10, should have been taxed in favor of plaintiff and against defendants Wells. Whether or not defendants Lehr or Wells or both of them made certain payments to such witnesses for professional services was beside the point and not controlling because they both testified as expert witnesses called by and on behalf of all defendants.

We turn then to taxation of costs for the bill of exceptions. The record discloses without dispute that defendants Lehr paid $255.50 for one-half the cost of the bill of exceptions, and that defendants Wells paid the other one-half. The trial court, doubtless attempting to follow the mandate of this court and observing that it had taxed plaintiff with one-half the costs of the transcript, brief, and docket fee in this court, taxed one-half the bill of exceptions to plaintiff in favor of defendants Lehr. We sustain the order in such respect.

It is generally the rule that: "A person who has

been brought in as a party to an action between others is entitled to recover his costs if no cause of action against him is established and he is not shown to have any interest in the subject matter of the litigation." 14 Am. Jur., Costs, § 30, p. 20; 15 C. J., Costs, § 200, p. 102; 20 C. J. S., Costs, § 113, p. 354.

The second sentence of the last citation reads: "Where some of the defendants are unsuccessful, however, plaintiff is entitled to recover of them the costs incurred in the joint defense or otherwise, except such as may be separated therefrom as having exclusive reference to the defendant who is discharged."

Plaintiff relying thereon argued that the bill of exceptions was predominantly concerned with evidence relative to the case against defendants Wells instead of defendants Lehr, and that all except a small portion of the cost thereof should be taxed against defendants Wells in favor of plaintiff. In other words, plaintiff contends that he should be taxed for not to exceed 15 pages of the bill of exceptions whereat testimony appeared allegedly having exclusive reference to the Lehr dike. The answer is not that simple.

Plaintiff himself and not defendants Wells brought this action against all defendants, the issues of which presented a complicated over-all drainage problem involving not only the lands of plaintiff and defendants but also adjacent territory as well clear across the entire west valley of the Little Nemaha River. As we view the record, the evidence related itself generally to the whole problem presented. Viewed in such light the judgment against defendants Lehr was reversed. It should be noted also that the judgment against defendants Wells was reversed in part.

Further, in his original petition plaintiff among other things said: "That by reason of the facts herein set forth said dams or dykes constitute a nuisance and unless abated will cause irreparable damage to this plaintiff and other land owners affected thereby. That said

irreparable injuries to the property of this plaintiff, his land and his crops are the result of the acts of each of said defendants, and that said result and injuries have been and will be increased by reason of the concurrent and combined acts of all of said defendants. The plaintiff alleges further that said defendants have agreed and conspired together to do the acts herein complained of in order that by their combined acts and the use of the public highway and the joining of all the dams and dykes constructed, the same constitutes one immense long continuous dam or dyke surrounding the defendant's real estate on all sides and preventing the natural flood water to follow its accustomed course over and upon said defendant's lands, to the great permanent and continuous injury to plaintiff's land." The effect of the trial court's decree was to generally sustain all such allegations except the charge of conspiracy and to tax all costs equally against defendants Lehr and Wells. Defendants each filed separate motions for new trial, and when they were overruled each filed separate notices of appeal. Defendants Lehr, in order to obtain the relief to which they were entitled, were required to perfect an appeal which necessitated the preparation and cost of a bill of exceptions to be presented to this court. They paid one-half the cost and were successful in the appeal. Plaintiff was responsible for its necessity and should be liable to defendants Lehr therefor, as held by the trial court. No other conclusion would be just or equitable.

The sum of $39.57, cost of certain depositions taken by plaintiff but not used at the trial, was disallowed as unnecessary. Plaintiff assigned such disallowance as erroneous. We sustain the assignment.

The applicable rule is stated in Farmers Union Fidelity Insurance Co. v. Farmers Union Co-Operative Insurance Co., 147 Neb. 1093, 26 N. W. 2d 122: "In regard to unused depositions we think the following is the

correct rule: ' * * *. unless it appears that the depositions were not taken in good faith or were actually unnecessary, costs of taking them are properly taxable although they were not used at the trial; and * * * that costs are taxable for depositions not used because the witness attends and testifies in person, if the party taking the depositions acted in good faith * * * where its use is rendered unnecessary or impossible by the act of the opposite party; * * * The questions of good faith and reasonable necessity are for the trial court to determine; and in determining them it will bear in mind that a deposition, at the time of the taking thereof may be apparently necessary in the sense that the party cannot safely proceed to trial without it, although afterward the case may take such a course as to make it unnecessary to use the deposition.' 20 C. J. S., Costs, § 194a-1, p. 425." It will be observed also that the discretion conferred on the trial courts by section 25-1711, R. R. S. 1943, in taxing costs is not arbitrary but a legal one to be exercised within the limits of legal and equitable principles. In re Clapham's Estate, 73 Neb. 492, 103 N. W. 61.

In that connection we find nothing in the record before us which in any manner established that the depositions were not taken in good faith or were actually unnecessary. In fact the evidence establishes the contrary without dispute, and we conclude that under the circumstances presented the cost of such depositions should have been taxed in favor of plaintiff and against defendants Wells.

For the reasons heretofore stated we conclude that the order of the trial court taxing costs should be and hereby is affirmed in part and reversed in part, and the cause is remanded with directions to enter an order taxing costs in conformity with this opinion. All costs of this proceeding in both the district court and this court are taxed in favor of plaintiff and against defend-

ants Lehr and Wells, each being required to pay one-half thereof.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.