[No. 33172. Department Two. May 26, 1955.]

ASBURN ARNESEN et al., Appellants, v. FRED W. ROWE et al., Respondents.[1]

[1]Reported in 284 P. (2d) 329.

*Thor P. Ulvestad,* for appellants.

*Savage, Gaines & Lechner,* for respondents.

ROSELLINI, J.—This is an action to recover the amount of profits alleged to have been lost when, due to the negligence of respondents in repairing the engine, the appellants were deprived of the use of a vessel known as the "Wireless" during the fishing season. The court sustained a demurrer to the amended complaint. The plaintiffs declined to plead further; and the court entered judgment dismissing the action, from which judgment plaintiffs appeal.

Since the demurrer admits the truth of all material allegations that are well pleaded, we shall, for the purpose of examining the amended complaint, set forth certain portions in substance only and quote those paragraphs or parts thereof which contain the essence of the alleged cause of action.

Appellants allege in their amended complaint that respondent Fred W. Rowe, the sole proprietor of a business

known as Rowe Machine Works, is engaged in the business of motor repair, metal fabrication, and machine work; and that all acts performed by him were performed for the benefit of the marital community. They further allege:

"II.

"That the plaintiffs herein are, and for many years last past have been, fishermen and during the year 1953 were engaged in the halibut fishing business in and about Hecate Straits in the vicinity of northern British Columbia and Southeastern Alaska. That said plaintiffs had entered into an agreement with the owner of the motor vessel "Wireless", said agreement being oral, with terms substantially as follows:

"1. The plaintiffs were to provision and man the M/V "Wireless" for the 1953 fishing season commencing on or about the 17th of May, 1953, and continuing for a period of twenty-three days.

"2. That plaintiff Asburn Arnesen was to act as Captain and was to receive ten percent of the boat share for such services.

"3. The plaintiffs agreed to purchase all of the provisions and supplies for the fishing trips and after such provisions and supplies had been deducted from the gross catch, were to receive seventy-nine (79%) percent of the net profits of the fishing venture.

"III.

"That under the agreement with the owner the plaintiffs took possession of the M/V "Wireless" and provisioned and supplied the said vessel for the fishing trip to the Hecate Straits fishing area and on or about the 14th day of May, 1953 delivered the vessel "Wireless" to the dock operated by Fred W. Rowe, doing business as the Rowe Machine Works, with the understanding and agreement that the said Fred W. Rowe, defendant, would make certain repairs and adjustments to the engine prior to the vessel leaving for Alaska.

"IV.

"That while the vessel was at the dock operated by the defendant, an employee of the defendant who had been sent aboard the vessel to make the necessary adjustments, negligently and carelessly deposited a quantity of a substance known as "Bon Ami" into the blower of the diesel engine which was used for the propulsion of the M/V "Wireless".

Paragraph five sets forth the disability of the vessel; paragraph six, the specific acts of negligence of the respondents; and paragraphs seven, eight, and nine deal with the damages sustained by the appellants.

We have frequently held that where substantial facts constituting a cause of action are stated in a complaint or can reasonably be inferred from the matter set forth therein, although the allegations of such facts are in effect conclusions of law or are otherwise imperfect, incomplete, or defective (the insufficiency pertaining to the form rather than to the substance of the pleading), the proper mode of correction is not by demurrer nor by excluding evidence at the trial, but by a motion before trial to make the averments more definite and certain by amendment. *McMahan v. Mutual Benefit Health & Acc. Ass'n*, 28 Wn. (2d) 202, 182 P. (2d) 4 (1947), and cases cited therein. In this instance, the only attack upon the pleading was by demurrer.

The sustaining of the demurrer was based upon the court's determination that any duty on the part of defendants arose out of their contractual undertaking, and that no privity of contract existed between the parties to the suit.

The gravamen of the complaint is set forth in paragraph three. The inference to be drawn from the language used is that the "understanding and agreement" to repair and adjust the engine of the vessel "Wireless" was between appellants and respondents. There is nothing to indicate that the agreement was between the owner of the vessel and the respondents. The oral agreement mentioned in paragraph two of the amended complaint is between the owner of the vessel and appellants. Nowhere in the amended complaint does it appear that there was any contractual relation between the owner of the vessel and respondents.

An annotation in 1 A. L. R. 1654, referring to the case of *Arkansas Machine & Boiler Works v. Moorhead,* 136 Ark. 18, 205 S. W. 980, 1 A. L. R. 1652, defines the repairman's liability as follows:

"The rule supported by the decided weight of authority is to the effect that one who contracts to make repairs, and performs the work in an unskilful or negligent manner, is liable

for the damage proximately resulting from the improper performance, and which can be regarded as having been within the contemplation of the parties."

The appellants disclose in their brief and in oral argument that prior to the time that appellants took possession of the boat, the owner of the vessel had placed the "Wireless" with Rowe Machine Works for repairs; that the repairs had been completed; that the vessel was turned over to the appellants for the fishing season; and that the return of the vessel for adjustment and repairs was pursuant to the original agreement between the owner and respondents. The owner is not a party to this suit.

The respondents urge that the facts stated in the brief of appellants, taken in conjunction with the allegations contained in the amended complaint, show that the plaintiffs have no cause of action because an action in tort cannot arise from a breach of duty existing by virtue of a contract unless there is privity of contract between the defendant and the person injured. Assuming this to be a correct statement of the law, the complaint is not vulnerable to demurrer.

The absence of a contractual relationship between appellants and respondents is not revealed by the amended complaint, and the inference arising from the language used is that there was such a relationship. We cannot go outside the amended complaint to ascertain the facts, and those facts cannot be supplied by a statement in the brief or by counsel's oral argument.

We adhere to the rule stated in the case of *Witte v. Old Nat. Bank of Spokane,* 29 Wn. (2d) 704, 189 P. (2d) 250 (1948), where we held that while a demurrer may be used to take advantage of a defect which appears on the face of a complaint, the court in ruling upon the demurrer has no right to go outside of the pleadings for information. The rule in 71 C. J. S. 493, § 256 is:

"Where a defect appears on the face of a pleading, a demurrer may be used to take advantage of it, but, except as to matters of which the court may take judicial notice, matter which does not appear on the face of the pleading demurred to will not be considered. *The scope of the demurrer cannot*

*be extended, even by agreement, to cover facts not appearing on the face of the pleading demurred to."* (Italics ours.)

and in 41 Am. Jur. 464, § 245:

"A complaint, to be bad on general demurrer, must be wholly insufficient; if to any extent, on any reasonable theory, it presents facts sufficient to justify a recovery, it will be sustained. And while a general demurrer presents for the consideration of the court the entire pleading assailed, and searches the record, reaching the first pleading defective in substance, the court in ruling upon the demurrer has no right to go outside the pleadings for information, or to consider matters or evidence dehors the record, but must rely wholly and entirely upon the language of the pleadings."

We have examined the case of *Ellis v. Schwank,* 37 Wn. (2d) 286, 223 P. (2d) 448 (1950); the majority did not discuss the question of whether the fact admitted by the defendant's counsel in his brief and in oral argument should have been alleged in the complaint as an essential part of the cause of action, and the case cannot be considered as authority for the rule that a complaint can be amended in this court by a statement in the brief or by oral argument of counsel.

It may be that on the trial of this cause the evidence will show a contractual relationship between the owner of the vessel and respondents, and an absence of any contractual relationship between appellants and respondents. Since the pleadings do not raise the issue of respondents' liability for negligence in the absence of a contract with appellants, we need not determine that question.

In determining the sufficiency of a complaint to state a cause of action, it is immaterial whether it is extremely difficult for plaintiffs to establish the truth of their allegations. *Caldwell v. Taylor,* 218 Cal. 471, 23 P. (2d) 758, 88 A. L. R. 1194 (1933).

The amended complaint is far from being a model of good pleading, but we are unable to say that the facts therein alleged, together with the inferences arising therefrom, are insufficient to state a cause of action.

The appellants assign as error the failure of the trial court to strike from the cost bill the item of costs in taking

depositions of the plaintiffs, the appellants herein. This matter has been decided in the case of *Platts v. Arney, ante* p. 122, 278 P. (2d) 657 (1955), where we said:

"The right to costs is not a matter of procedure but is a substantive right. *United States v. French Sardine Co.,* 80 F. (2d) 325 (1935). It is purely a matter of statutory regulation. *State ex rel. Fosburgh v. Ronald,* 25 Wn. (2d) 276, 277, 170 P. (2d) 865 (1946)."

We held that the statutes do not authorize taxing, as costs, the expenses incurred by a party taking a deposition for the purpose of preparing for trial of the pending action, nor in ascertaining his right for his own benefit. The same rule applies where a pretrial discovery deposition is taken of a witness as provided by Rule of Pleading, Practice and Procedure 26, 34A Wn. (2d) 84, as amended, effective January 2, 1953.

The item of costs, of which complaint is made, was improperly included.

The judgment dismissing the action is reversed and the lower court is instructed to enter an order overruling the demurrer to the amended complaint.

HAMLEY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.