(No. 54806.—

RONALD GALOWICH, Ex'r., *et al.*, Appellants, v.
BEECH AIRCRAFT CORPORATION *et al.*, Appellees.

*Opinion filed June 18, 1982.—Rehearing
denied October 1, 1982.*

UNDERWOOD, J., RYAN, C.J., and WARD, J., dissenting.

Susan E. Loggans, of Chicago (William J. Harte, of counsel), for appellants.

Conklin & Adler, Ltd., of Chicago (Thomas W. Conklin, John W. Adler, and Franklin A. Nachman, of counsel), for appellees.

JUSTICE CLARK delivered the opinion of the court:

The sole issue presented by this appeal is whether the trial court properly refused to tax, as costs to the plain-

tiffs, the expenses of depositions taken by the defendants where plaintiffs voluntarily dismissed their case before trial pursuant to section 52 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 52).

This case arose from the death of Jerald Galowich on February 15, 1975, in the crash of an aircraft manufactured by Beech Aircraft Corporation. Suits were filed by Deena Galowich, the widow, for whom Ronald Galowich, executor of decedent's estate, was later substituted as plaintiff, and by Ronald H. Galowich Associates against Beech and several manufacturers of components of the airplane. The cases were consolidated and after extensive discovery were assigned for trial on January 29, 1980. On February 11, 1980, the plaintiffs moved to continue the case for six months in order to investigate a recent plane crash in Canada, which they believed would provide important extrinsic evidence. The circuit court denied the motion. Plaintiffs then moved for a voluntary dismissal pursuant to Civil Practice Act section 52, indicating an intention to refile pursuant to section 24 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 24a).

The defendants objected to the motion for dismissal and urged that the court dismiss the case with prejudice. In the alternative, the defendants argued that the court had discretion to impose costs beyond the usual items contained in the clerk's bill, and requested that the court "condition" the dismissal upon plaintiffs' payment to them of "their filing fees, jury demand fees, witness fees, costs of depositions, costs of transcripts, experts costs and related expenses," which defendants characterized as an "unjustified burden" that plaintiffs had imposed upon them.

The circuit court entered an order dismissing the case and taxing as costs to plaintiffs the defendants' appearance and jury demand fees, in the amount of $219. The defendants appealed from the order, insofar as it denied

recovery of any of defendants' deposition expenses, estimated by defendants at some $200,000.

The appellate court reversed, holding that Supreme Court Rule 208(d) (73 Ill. 2d R. 208(d)) authorizes the trial court, in its discretion, to tax as costs expenses incurred in taking depositions, when a plaintiff moves for a voluntary dismissal pursuant to section 52. (93 Ill. App. 3d 690.) We granted plaintiffs' petition for leave to appeal.

The plaintiffs argue that an order dismissing a case on motion of the plaintiff pursuant to section 52 is not an appealable order, and that the appellate court therefore should not have entertained the defendants' appeal. While this court has never directly addressed the issue, "[t]here are numerous rulings to the effect that a dismissal may be final for the purpose of appeal although it is without prejudice to the bringing of another action." (4 Am. Jur. 2d *Appeal & Error* sec. 108 (1962); see *Brauer Machine & Supply Co. v. Parkhill Truck Co.* (1943), 383 Ill. 569, 575-76; *Mutual Reserve Fund Life Association v. Smith* (1897), 169 Ill. 264, 265; Restatement of Judgments sec. 41, comment *b* (1942).) In *Williams v. Breitung* (1905), 216 Ill. 299, the court held that the defendant could not appeal from an order dismissing the plaintiff's bill for an injunction on plaintiff's motion and at his costs, because the decree was entirely in the defendant's favor. The court noted, however, that the defendant would have a right of appeal "where the court, entering the judgment, has committed some error prejudicial to him, or where by the judgment he has not obtained all that he is entitled to." 216 Ill. 299, 303.

We need not decide this issue, however, since the appeal here is solely from that part of the order taxing costs against the plaintiff. A judgment for costs is a money judgment enforceable by execution (Ill. Rev. Stat. 1979, ch. 33, pars. 7, 16, 18), and is clearly appealable.

(*Adams v. Silfen* (1951), 342 Ill. App. 415; *Gilbert-Hodgman, Inc. v. Chicago Thoroughbred Enterprises, Inc.* (1974), 17 Ill. App. 3d 460; see *City of Alton v. County Court* (1959), 16 Ill. 2d 23, 29 (orders allowing attorney fees).) For this reason our recent decision in *Flores v. Dugan* (1982), 91 Ill. 2d 108, that an order dismissing a case for want of prosecution is not final and appealable, is not controlling here.

At common law, a successful litigant was not entitled to recover from his opponent the costs and expenses of the litigation. The allowance and recovery of costs is therefore entirely dependent on statutory authorization. (*Ritter v. Ritter* (1943), 381 Ill. 549, 552; *Wintersteen v. National Cooperage & Woodenware Co.* (1935), 361 Ill. 95, 108.) Only those items designated by statute to be allowable can be taxed as costs. (*Ryerson v. Apland* (1941), 378 Ill. 472, 477.) While the power to impose costs must ultimately be found in some statute, the legislature may grant the power in general terms to the courts, which in turn may make rules or orders under which costs may be taxed and imposed. *Wintersteen v. National Cooperage & Woodenware Co.* (1935), 361 Ill. 95, 108.

Upon voluntary dismissal by a plaintiff before trial, the statutes provide that the defendant shall recover his costs. (Ill. Rev. Stat. 1979, ch. 33, par. 16; Ill Rev. Stat. 1979, ch. 110, par. 52.) The Illinois costs statute (Ill. Rev. Stat. 1979, ch. 33, par. 1 *et seq.*) does not itself provide a definition of "costs" or state what items of costs are allowable. By Civil Practice Act section 3 (Ill. Rev. Stat. 1979, ch. 110, par. 3), the supreme court is authorized to provide by rule for the orderly and expeditious administration of the Act, including the assessment of costs. In Supreme Court Rule 208(d) the court provided that certain expenses specified in the rule, incurred in taking, transcribing and filing depositions, may, in the

discretion of the trial court, be taxed as costs. 73 Ill. 2d R. 208(d).

Neither this court nor the appellate court has previously construed Rule 208(d). However, statutory provisions or rules authorizing the taxation of deposition expenses are not unique to Illinois, and an examination of decisions from other jurisdictions is helpful in determining when deposition expenses are properly regarded as part of taxable costs.

The decisions surveyed adopt one of two basic positions. In a number of States the rule is that deposition expenses may be taxed to the losing litigant as a part of costs only when the deposition was necessary for use and actually used at trial. (*Barrett v. Singer Co.* (1979), 60 Ohio St. 2d 7, 396 N.E.2d 218; *Casey v. Williams* (1971), 87 Nev. 137, 482 P.2d 824; *Kendall v. Curl* (1960), 222 Or. 329, 353 P.2d 227; *Platts v. Arney* (1955), 46 Wash. 2d 122, 278 P.2d 657; *Morrison-Maierle, Inc. v. Selsco* (1980), ____ Mont. ____, 606 P.2d 1085; *Morris v. Redak* (1951), 124 Colo. 27, 234 P.2d 908; *Wood v. Gautier* (1968), 201 Kan. 74, 439 P.2d 73.) Another group of States allows the taxation of deposition expenses, even though the deposition was not used at trial, if the deposition was taken in good faith and was actually or reasonably necessary for preparation of the case or for the protection of the prevailing party's rights. *Stocker v. Wells* (1952), 155 Neb. 472, 52 N.W.2d 284; *Lawson Supply Co. v. General Plumbing & Heating, Inc.* (1972), 27 Utah 2d 84, 493 P.2d 607; *Lomita Land & Water Co. v. Robinson* (1908), 154 Cal. 36, 97 P.10; *Kaps Transport, Inc. v. Henry* (Alaska 1977), 572 P.2d 72.

Courts adhering to the first rule (that a deposition must be used or intended for use at trial for its expense to be included in an award of costs) advance two main rationales in support of it. The first is that depositions,

particularly discovery depositions, are usually taken for the convenience of the litigant and counsel in preparing for trial; they are an expense of litigation that a party undertakes for his own benefit, and therefore are not properly allowable as costs. (*Wood v. Gautier* (1968), 201 Kan. 74, 79; 439 P.2d 73, 77; *Platts v. Arney* (1955), 46 Wash. 2d 122, 128, 278 P.2d 657, 661; *Johnson v. Furgeson* (1971), 158 Mont. 170, 176, 489 P.2d 1032, 1035.) Some courts even characterize the taking of depositions in preparation for trial as a "luxury," for which a party must pay himself. (*Morris v. Redak* (1951), 124 Colo. 27, 41, 234 P.2d 908, 915; *Kendall v. Curl* (1960), 222 Or. 329, 339-40, 353 P.2d 227, 232.) The second is that to allow taxation of the costs of all depositions, including those not used at trial, might discourage counsel from the exercise of restraint in taking them, multiplying the number of depositions taken and greatly increasing the cost of litigation. *Barrett v. Singer Co.* (1979), 60 Ohio St. 2d 7, 11, 396 N.E.2d 218, 220; *Straube v. Larson* (1979), 287 Or. 357, 374, 600 P.2d 371, 381; see *Lawson Supply Co. v. General Plumbing & Heat, Inc.* (1972), 27 Utah 2d 84, 89, 493 P.2d 607, 610-11 (Henriod, J., concurring and dissenting; Ellett, J., concurring).

These jurisdictions differ somewhat in their view of what constitutes necessary use of a deposition at trial. For example, the Supreme Court of Nevada holds that depositions are necessarily used at trial and thus taxable as costs only when taken to preserve the testimony of a witness who was leaving the State, or when used to refresh the recollection or correct the answer of a witness. (*Casey v. Williams* (1971), 87 Nev. 137, 142, 482 P.2d 824, 842.) The Supreme Court of Oregon disallows recovery of the expenses of all depositions except those taken to preserve testimony. (*Straube v. Larson* (1979), 287 Or. 357, 374, 600 P.2d 371, 380-81.) The Supreme Court of Kansas requires that a deposition be used as

evidence—a mere offer into evidence is insufficient. (*Wood v. Gautier* (1968), 201 Kan. 74, 79, 439 P.2d 73, 78.) The States are virtually unanimous in refusing to allow recovery of the expense of depositions taken solely for purposes of discovery. *Arnesen v. Rowe* (1955), 46 Wash. 2d 718, 723-24, 284 P.2d 329, 332; *Morris v. Redak* (1951), 124 Colo. 27, 41, 234 P.2d 908, 915; *Johnson v. Furgeson* (1971), 158 Mont. 170, 176, 489 P.2d 1032, 1035; *Kendall v. Curl* (1960), 222 Or. 329, 340, 353 P.2d 227, 232.

The rationale for the rule adopted by the second group of States, that deposition expenses are properly taxable as costs if the deposition was taken in good faith and was reasonably necessary for the protection of the prevailing party's rights, is less clear. The Supreme Court of Alaska felt that to disallow deposition expenses merely because the deposition was not used at trial would be to penalize counsel for taking a precautionary measure to protect the interests of the client. *Kaps Transport, Inc. v. Henry* (Alaska 1977), 572 P.2d 72, 79.

The Federal courts also follow the test of good faith and reasonable necessity. Costs have been allowed for depositions or parts of depositions read into evidence, used for cross-examination, used in connection with a motion for summary judgment, or used to preserve the testimony of a witness. (6 J. Moore, Federal Practice par. 54.77[4] (2d ed. 1982).) However, the Federal courts disallow the costs of depositions used only for discovery. 4 J. Moore, Federal Practice par. 26.82, at 26—580 to 26—581 (2d ed. 1982).

As noted above, neither the Illinois costs statute nor the supreme court rules provide a specific definition of costs. However, the term has acquired a fixed and technical meaning in the law. Costs are allowances in the nature of incidental damages awarded by law to reimburse the prevailing party, to some extent at least, for

the expenses necessarily incurred in the assertion of his rights in court. (*Donovan v. Delaware Water & Air Resources Com.* (Del. Super. Ct. 1976), 358 A.2d 717, 723; *Department of Highways v. Kelley* (1963), 151 Colo. 517, 519, 379 P.2d 386, 387; 20 C.J.S. *Costs* sec. 1 (1940).) We therefore interpret Rule 208(d) as authorizing the trial court to tax as costs, in its discretion, the expenses only of those depositions necessarily used at trial.

This interpretation of the rule accords with this court's frequent statements that a successful litigant is not entitled to recover the ordinary expenses of litigation. (*Kerns v. Engelke* (1979), 76 Ill. 2d 154, 166; *House of Vision, Inc. v. Hiyane* (1969), 42 Ill. 2d 45, 51-52; *Ritter v. Ritter* (1943), 381 Ill. 549, 553.) The deposition as used in modern litigation is almost entirely a technique of trial preparation, serving primarily the convenience of counsel. Though there may be instances in which a discovery deposition would become a necessity—as when a crucial witness died or disappeared before trial—it is difficult to say that all or even most of the depositions routinely taken in preparation for trial are necessary. Litigants in Illinois must bear their own litigation and trial-preparation expenses, and in our view these include the expenses of discovery depositions.

We note, too, that historically the rule was that a party who took a deposition *de bene esse* (in anticipation of future need) had to bear the cost himself. Under the old equity practice, from which our discovery procedures derive, the prevailing party could recover the cost of a deposition which was necessary to substantiate the averments of his bill; but if the defendant made the deposition unnecessary, as by admitting the averments in his answer, then the cost of the deposition was not recoverable. See *Doyle v. Wiley* (1854), 15 Ill. 576, 578.

There has been considerable discussion recently of the tendency of counsel to overuse discovery methods, espe-

cially in large cases. (See, *e.g.*, Brazil, *Civil Discovery: Lawyers' Views of Its Effectiveness, Its Principal Problems and Abuses*, 1980 Amer. B. Found. Res. J. 787.) We agree with the courts that have found it undesirable to encourage increased deposition taking, and consequent increases in the delay and expense of litigation, with the prospect that the expense may eventually be recouped in an award of costs. *Kendall v. Curl* (1960), 222 Or. 329, 340, 353 P.2d 227, 232; *Barrett v. Singer Co.* (1979), 60 Ohio St. 2d 7, 9-10, 396 N.E.2d 218, 220.

Since the test for when the expense of a deposition is taxable as costs is its necessary use at trial, it follows that Rule 208(d) cannot be authority for the assessment of a defendant's deposition expenses against a plaintiff who voluntarily dismisses his case before trial. The judgment of the appellate court in this case must therefore be reversed. There would seem to be serious practical problems as well with a contrary holding, which would require the trial court, upon a plaintiff's moving to dismiss before trial upon notice and payment of costs to the defendant, to try the case hypothetically in an attempt to determine which depositions would necessarily be used.

We have found no case in which the highest court of a State awarded deposition expenses as costs to a defendant upon plaintiff's taking a voluntary dismissal. The appellate courts of Florida have done so, but the reason appears to be their strict interpretation of a rule requiring all costs to be taxed in the action in which they are incurred. *Keener v. Dunning* (Fla. App. 1970), 238 So. 2d 113.

The defendants have contended that refusing to allow the taxation of their deposition costs in this case will encourage "oppressive" use of section 52 dismissals and stimulate vexatious litigation. This argument misses the mark. It assumes a conclusion, *viz* that plaintiff's suit is

groundless, without merit, and filed solely to harass. If this were so, the defendants would have a remedy under section 41 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 41), under which the reasonable expenses actually incurred by a party by reason of a pleading made without reasonable cause and found to be untrue are imposed on the pleader. Further, it cannot be said that a plaintiff's exercise of a statutory right to dismiss upon the terms specified by the statute is oppressive or unfair to a defendant. "[T]he plaintiff is ordinarily the master of his cause. He may prosecute or dismiss, as he desires, so long as no party is legally prejudiced thereby nor express statutory prohibitions violated." (*People v. American National Bank & Trust Co.* (1965), 32 Ill. 2d 115, 120.) Moreover, plaintiffs as well as defendants must bear the expense of depositions which they cause to be taken (with the exception of necessary depositions to which Rule 208(d) applies). Defendants here appear to be attempting to recover as costs a part of their litigation expenses from their opponent. There is no basis for such a result.

The judgment of the appellate court is reversed; the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

JUSTICE UNDERWOOD, dissenting:

Section 52 of our Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 52 (now section 2—1009 of our Code of Civil Procedure, Ill. Rev. Stat. 1981, ch. 110, par. 2—1009)), which governs voluntary dismissals of complaints, provides in relevant part:

> "The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or his attorney, and *upon payment of costs,* dismiss his action ***." (Emphasis added.)

Our Rule 208, after specifically directing which of the par-

ties shall initially pay the various fees and charges involved in taking and transcribing depositions, provides in subsection (d):

"The aforesaid fees and charges may in the discretion of the trial court be taxed as costs." (73 Ill. 2d R. 208(d).)

That language, in my opinion, plainly vests in the trial judge authority to tax as costs in cases of voluntary dismissal such of those charges as he deems appropriate. But, even if that language were less plain, I would have thought that in interpreting our own rules we would in this case, as we have in others (*People ex rel. Scott v. College Hills Corp.* (1982), 91 Ill. 2d 138, 150; *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 426; *People v. Fritz* (1981), 84 Ill. 2d 72, 77), looked to the accompanying committee comments and historical and practice notes for guidance. The latter clearly state:

"The rule authorizes the court, in its discretion, to tax deposition fees and charges as costs, although such fees and charges are not usually taxed as costs in Illinois." (Ill. Ann. Stat., ch. 110A, par. 208, Historical and Practice Notes, at 158 (Smith-Hurd 1968).)

It would have been difficult to express the purpose of the rule more clearly than was done. "The aforesaid fees and charges" can refer only to *all* deposition fees and charges since there is no hint of an intent to limit the authority to tax such amounts as costs only if the deposition is used at trial, as the majority now holds.

Nor should the fact that deposition expenses are not normally taxable as costs be significant in light of the fact that the notes expressly point out that Rule 208(d) represented a departure from the usual practice theretofore prevailing in this State.

Apparently because these sources would not support the desired result, my colleagues cite as authority cases from other jurisdictions which arise from differing factual situations and involve differing statutory language. By doing so, they have achieved a result which I view as in

direct conflict with the unequivocal language of our rule.

Nor does it seem to me logical to attempt to bolster the result by stating that it is necessary to limit reimbursable deposition expense to those depositions used at trial because including those not so used would encourage increasing use of depositions since the expense might be recoverable. Rather, I would think, the prospect that unused deposition expense might be included as costs could serve to eliminate or reduce "fishing expeditions" and limit the deposition activity of both parties to those which offered reasonable promise.

There has been in this case and in others coming before us considerable discussion of alleged discovery abuses by both plaintiffs and defendants. Defendants here allege their litigation expense aggregates some $2 million, of which it is said some $200,000 is allocable to deposition expense. Defendants assert numerous changes in plaintiffs' theories of liability occurred as earlier theories proved to be unsubstantiated, and that the purpose of the litigation is designed to coerce a settlement. Conversely, plaintiffs assert defendants complied with some discovery requests only after court orders were secured and that expenses increased when defendants insisted upon taking depositions in distant locations. I intend no implication as to the merits of these assertions, since those matters are not before us, although I note that the trial judge was troubled by the fact that the plaintiffs had moved to voluntarily dismiss only after he had denied their motion for a six-month continuance to permit investigation of a Canadian plane crash. Their expressed intention to refile their complaint pursuant to section 24 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 24a), in effect, overruled the court's denial of the continuance. I note, too, that the judge expressly stated in taxing the costs that "if I thought I had the authority, I would do something more."

Given the questions regarding abuses of discovery and

the possible unfairness of a voluntary dismissal and refiling prompted by a desire to avoid trial, I would implement what seems to me the clear purpose of section 52 of the Civil Practice Act and our Rule 208(d) by holding the trial judge vested with discretion to tax as costs such of the deposition fees and charges as, in the exercise of sound discretion, he deems appropriate, irrespective of whether those depositions were used at trial. Wisely exercised, that authority can be an effective remedy for such problems as may exist in this area.

Accordingly, I would affirm the judgment of the appellate court and remand the cause to the circuit court to permit the trial judge to exercise his sound and informed discretion.

RYAN, C.J., and WARD, J., join in this dissent.