TILLMAN THURSTON, Plaintiff-Appellee, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellants.

Fourth District   No. 4—86—0149

Opinion filed September 30, 1986.—Rehearing denied October 30, 1986.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Karin Kepler, Assistant Attorney General, of Chicago, of counsel), for appellants.

Gerald G. Kaluzny, of Prairie State Legal Services, Inc., of Bloomington, for appellee.

JUSTICE GREEN delivered the opinion of the court:

Plaintiff, Tillman Thurston, filed a complaint in the circuit court of Livingston County against defendants, the Department of Employment Security (Department), the Board of Review (Board), and its members individually. Plaintiff sought (1) a declaratory judgment declaring invalid the Department's Rule 2720.320 (56 Ill. Admin. Code, ch. IV, sec. 2720.320 (1986)), which authorized the Board to charge plaintiff for the cost of photocopying a transcript of administrative hearing proceedings; (2) injunctive relief enjoining defendants from charging such costs to plaintiff; and (3) an order of *mandamus* requiring defendants to provide plaintiff with a transcript free of charge. On December 31, 1985, following a hearing on the parties' motions for summary judgment, the court allowed plaintiff's motion and entered the requested orders.

The record before the circuit court showed the following chain of events. Plaintiff had applied for unemployment insurance benefits, and, after a hearing, the Department referee found him to be ineligible to receive such benefits. Plaintiff appealed the referee's decision to the Board. In order to better prepare for plaintiff's appeal to the Board, plaintiff, through counsel, requested a copy of the transcript of the hearing before the referee. The Board responded to the request, stating that, under the Department's Rule 2720.320, plaintiff could obtain a copy of the record at his own expense, or in lieu of purchasing a copy, plaintiff could inspect the file, which would contain the original transcript, at the Board's office during normal business hours. Plaintiff was informed that a charge of 25 cents per page had been established for a total cost of $10.75 here.

Section 2720.320 of the Department's Rules states:

"Access to Record

Upon reasonable notice, either written or oral, to the Board of Review, a party may inspect the file during normal business hours at the office of the Board. A party may also obtain a copy of the record at the party's own expense." (56 Ill. Admin. Code, ch. IV, sec. 2720.320 (1986).)

Section 803 of "An Act in relation to a system of unemployment insurance" (Act) states in part:

"The Board of Review shall provide transcripts of the proceedings before the Referee within 35 days of the date of the filing of an appeal by any party." Ill. Rev. Stat. 1985, ch. 48, par. 473.

The trial court found the cited language required the Board to supply a copy of the transcript to the party. The court noted that the statute does not allow any discretion in providing a transcript and expressed concern that, by allowing the Board to charge for photocopying expenses, the Board would be given some discretion in determining whether to provide a transcript. The court further noted that section 1200 of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 530) prohibits the Board from charging a claimant a fee in any proceeding under the Act. The court determined that a photocopying charge was a "fee" within the meaning of the Act. The court concluded that Rule 2720.320, authorizing a photocopying "fee" was contrary to the cited statutory provisions and was, therefore, invalid. We disagree.

An examination of the legislative history of section 803 of the Act indicates that the statute was amended in 1984 to add the language at issue in the instant case. The focus of the amendment was a limitation on the amount of time allowed the Board to render its decisions. The legislative debates indicated that, previously, the Board had been dilatory in making a decision and had often made a decision without honoring the request for a transcript. (83d Ill. Gen. Assem., House Proceedings, May 26, 1983, House Bill No. 1703.) The statute was amended to require the Board to provide transcripts within 35 days.

■■ The trial court determined that section 803 entitled the party to receive a copy of the transcript, and if the Board refused to photocopy the transcript at its own expense, it was not "providing" the party with a copy as required. However, the term "provide" is defined as "to make available; supply." (Webster's New World Dictionary 1144 (2d ed. 1980).) The Department's rule requires the Board, without discretion, to *either* make the file available to a party for inspection at its office *or* to provide a copy at the party's own expense. The Board does not deny its obligation to pay for the preparation of the original transcript which was to be presented to the Board as part of the record upon which the appeal was to be based and which would be available for inspection at the office of the Board. Thus, the transcript would be available regardless of whether the party pays photocopying charges. The rule is not contrary to the statute's requirements.

■■ Nor is the rule contrary to section 1200 of the Act, the pertinent part of which states:

> "No fee shall be charged any claimant in any proceeding under this Act by the Director or his representatives, or by the Referees or Board of Review, or by any court or the clerks thereof except as provided herein." (Ill. Rev. Stat. 1985, ch. 48, par. 530.)

■ The trial court interpreted the foregoing section to prohibit the Board from charging for a copy of the transcript because of the prohibition against the Board charging fees." Although the terms "fees" and "costs" are often used interchangeably, they are also sometimes distinguished. "Fees" have been described as "compensation to public officers for services rendered individuals, in the progress of the cause," and "costs" are "allowances to a party for the expenses incurred in prosecuting or defending a suit." (20 C.J.S. *Costs* sec. 1 (1940); *Galpin v. City of Chicago* (1910), 159 Ill. App. 3d 135, 166, *aff'd* (1911), 249 Ill. 554, 94 N.E. 961.) The supreme court has recognized this definition of costs. *Galowich v. Beech Aircraft Corp.* (1982), 92 Ill. 2d 157, 165-66, 441 N.E.2d 318, 321-22.

While section 1200 would appear to prohibit the Board from charging a claimant a filing fee or making any charge for preparation of the record for review within the administrative agency or an administrative review in the courts, we hold that section 1200 does not prohibit the Board from making a charge for extra copies.

Counsel for plaintiff is employed by a legal services agency, in McLean County, which represented petitioner because of his indigency. During oral arguments, counsel explained that having a copy of the transcript is necessary for effective preparation of a claimant's case for review before the Board. He stated that the Board's office is in Chicago, making it most inconvenient for counsel to go there to view the original transcript. We recognize that section 100 of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 300) indicates that a purpose of the Act is to lessen the severe economic insecurity resulting from involuntary unemployment. (*Dienes v. Holland* (1979), 78 Ill. 2d 8, 397 N.E.2d 1358.) The courts have given a liberal construction to the Act to effectuate this policy. However, we do not consider that policy to require us to construe the described legislation to prohibit the Board from making a reasonable charge for furnishing copies of parts of the record.

■ The rule was not invalid. The circuit court erred in allowing plaintiff's motion for summary judgment and denying that of defendants. For the stated reasons, the decision of the circuit court is reversed, and the case is remanded to the circuit court with directions to enter summary judgment for defendants.

Reversed and remanded with directions.

McCULLOUGH, P.J., and SPITZ, J., concur.