NO. 4-96-0206

                          IN THE APPELLATE COURT

                                OF ILLINOIS

                              FOURTH DISTRICT

In the Interest of H.R. and M.R.,       )    Appeal from

Alleged Abused/Neglected Minors,        )    Circuit Court of

THE PEOPLE OF THE STATE OF ILLINOIS,    )    Champaign County

          Petitioner-Appellant,         )    No. 95J351

          v.                            )

THOMAS RADECKI and DIANE ZDUNICH        )    Honorable

f/k/a RADECKI,                          )    Ann A. Einhorn,

          Respondents-Appellees.        )    Judge Presiding.

_________________________________________________________________

          JUSTICE McCULLOUGH delivered the opinion of the court:

          The State appeals from a March 15, 1996, order of the

circuit court of Champaign County dismissing the petition for

adjudication of wardship of H.R. (born May 9, 1990) and M.R. (born

December 16, 1992).  The only issue on review is whether the trial

court committed an abuse of discretion by dismissing the petition

for adjudication of wardship on the ground the hearing had not been

completed within the 90 days set by section 2-14 of the Juvenile

Court Act of 1987 (Act) (705 ILCS 405/2-14 (West 1994)).  We

reverse and remand for further proceedings.

          The State's arguments on appeal are (1) the trial court's

reliance on In re S.G., 277 Ill. App. 3d 803, 661 N.E.2d 437

(1996), appeal allowed, 166 Ill. 2d 540 (1996), was erroneous

because that decision did not recognize that the 90-day period in

section 2-14 of the Act violated the separation of powers clause of

the Illinois Constitution (Ill. Const. 1970, art. II, §1); and (2)

the statutory language did not mandate dismissal if the adjudicato-

ry hearing had been started, but not completed, within the 90-day

period.  Respondent mother is not a party to this appeal.  However,

respondent father initially argues that the State's arguments are

waived because they were not raised in the trial court.  It is

clear from a reading of the transcript of the hearing on the motion

to dismiss that the State argued the decision in S.G. was distin-

guishable on its facts and the 90-day provision in section 2-14 of

the Act did not require dismissal in this case.  In addition, the

question of the constitutionality of the statute may be raised at

any time.  People v. Bryant, 128 Ill. 2d 448, 453-54, 539 N.E.2d

1221, 1223-24 (1989).  Therefore, we decline to find waiver.

          The separation of powers issue is not addressed as it is

unnecessary to disposition of this appeal.  Courts generally do not

address constitutional issues unnecessarily, i.e., where a case may

be resolved on other grounds.  Exchange National Bank v. Lawndale

National Bank, 41 Ill. 2d 316, 321, 243 N.E.2d 193, 195 (1968); In

re Marriage of Bennett, 225 Ill. App. 3d 828, 830, 587 N.E.2d 577,

579 (1992).  

          Even though the Supreme Court of Illinois has granted a

petition for leave to appeal in S.G., we will decide this case

instead of staying it pending the decision of the supreme court in

S.G. because of the distinctions between the two cases and because

of the potential for harm to H.R. and M.R.

          Section 2-14 of the Act reads, in relevant part:

               "(a) Purpose and policy.  The legislature

          recognizes that serious delay in the adjudica-

          tion of abuse, neglect, or dependency cases

          can cause grave harm to the minor and the

          family and that it frustrates the best inter-

          ests of the minor and the effort to establish

          permanent homes for children in need.  The

          purpose of this Section is to insure that,

          consistent with the federal Adoption Assis-

          tance and Child Welfare Act of 1980, Public

          Law 96-272, as amended, and the intent of this

          Act, the State of Illinois will act in a just

          and speedy manner to determine the best inter-

          ests of the minor, including providing for the

          safety of the minor, identifying families in

          need, reunifying families where it is in the

          best interests of the minor, and, if reunifi-

          cation is not in the best interests of the

          minor, finding another permanent home for the

          minor.

               (b) When a petition is filed alleging

          that the minor is abused, neglected or depen-

          dent, an adjudicatory hearing shall be held

          within 90 days of the date of service of

          process upon the minor, parents, any guardian

          and any legal custodian.

               (c) Upon written motion of a party filed

          no later than 10 days prior to hearing, or

          upon the court's own motion and only for good

          cause shown, the Court may continue the hear-

          ing for a period not to exceed 30 days, and

          only if the continuance is in the best inter-

          ests of the minor.  When the court grants a

          continuance, it shall enter specific factual

          findings to support its order, including

          factual findings supporting the court's deter-

          mination that the continuance is in the best

          interests of the minor.  Only one such contin-

          uance shall be granted.  A period of continu-

          ance for good cause as described in this

          Section shall temporarily suspend as to all

          parties, for the time of the delay, the period

          within which a hearing must be held.  On the

          day of the expiration of the delay, the period

          shall continue at the point at which it was

          suspended.

               The term 'good cause' as applied in this

          Section shall be strictly construed and be in

          accordance with Supreme Court Rule 231(a)

          through (f).  Neither stipulation by counsel

          nor the convenience of any party constitutes

          good cause.  If the adjudicatory hearing is

          not heard within the time limits required by

          subsection (b) or (c) of this Section, upon

          motion by any party the petition shall be

          dismissed without prejudice.

               (d) The time limits of this Section may

          be waived only by consent of all parties and

          approval by the court."  (Emphasis added.) 

          705 ILCS 405/2-14 (West 1994).

          In S.G., the petition for adjudication of wardship was

filed on April 28, 1992, alleging sexual abuse and injurious

environment.  A temporary custody hearing was conducted that day,

and custody was temporarily removed from the mother.  When the

mother was released from jail after criminal charges were dis-

missed, she requested a second temporary custody hearing, which was

conducted on June 22, 1992.  The children's fathers were given

notice by publication and were defaulted on September 1, 1992. 

Following a continuance for good cause from the original November

10, 1992, hearing date, the hearing was begun on December 15, 1992. 

The appellate court in S.G. summarized the proceedings between

September 1, 1992, and the March 12, 1993, determination of neglect

as follows:

               "Space does not permit us to provide

          details of the proceedings on each of the 21

          occasions this case was heard between April

          28, 1992, and March 12, 1993, when the adjudi-

          cation hearing was completed.  Suffice it to

          say that the trial judge kept trying to find

          time for the hearing, Pearlie [(the mother)]

          continuously asked for a trial, the State

          answered ready, lawyers made motions and

          objections, and the case was heard piecemeal

          after a perfunctory beginning on December 15,

          1992, finally getting under way on March 8,

          1993."  S.G., 277 Ill. App. 3d at 806, 661

          N.E.2d at 439.

At the March 8, 1993, hearing, the trial court denied the mother's

motion to dismiss.  In S.G., the appellate court held that, since

the triggering event was the September 1, 1992, default of the

fathers, the statute was not satisfied when the trial judge heard

opening statements and one nonessential witness on December 15,

1992.  S.G., 277 Ill. App. 3d at 807-08, 661 N.E.2d at 440.

          To the extent that the S.G. court held that the adjudica-

tion must be completed within the time limit set forth in section

2-14, we disagree.  In the case at bar, there is no dispute that

the hearing began within the 90-day period provided by the statute. 

The original petition was filed on November 9, 1995.  On that date,

a shelter-care hearing was conducted at which both respondent

parents appeared in person and by counsel.  The ninetieth day after

November 9, 1995, was February 7, 1996.  The adjudicatory hearing

began on February 2, 1996.  At that hearing, the court heard

extensive testimony from the psychiatrist treating respondent

mother.  After the psychiatrist's testimony, the adjudicatory

hearing was continued to March 20, 1996.  However, respondent

mother filed a motion to dismiss which was granted on March 15,

1996.

          The statutory language does not require dismissal of a

petition for wardship where the adjudicatory hearing has begun, but

not been completed, within the 90-day period set forth in the

statute.  Section 2-14(b) of the Act requires that the adjudicatory

hearing be "held" within the 90-day period.

               "The question before us is one of statu-

          tory interpretation.  The fundamental canon of

          construction is to ascertain and give effect

          to the intention of the legislature.  Varelis

          v. Northwestern Memorial Hospital, 167 Ill. 2d

          449, 454 (1995).  Courts will look first to

          the words of the statute (Metropolitan Life

          Insurance Co. v. Washburn, 112 Ill. 2d 486,

          492 (1986)), for the language used by the

          legislature is the best indication of legisla-

          tive intent (Kirwan v. Welch, 133 Ill. 2d 163,

          165 (1989); County of Du Page v. Graham,

          Anderson, Probst & White, Inc., 109 Ill. 2d

          143, 151 (1985)).  When the statutory language

          is clear, no resort is necessary to other

          tools of interpretation.  Henry v. St. John's

          Hospital, 138 Ill. 2d 533, 541 (1990).  More-

          over, courts should not, under the guise of

          statutory construction, add requirements or

          impose limitations that are inconsistent with

          the plain meaning of the enactment.  People ex

          rel. LeGout v. Decker, 146 Ill. 2d 389, 394

          (1992); In re Estate of Swiecicki, 106 Ill. 2d

          111, 120 (1985)."  Nottage v. Jeka, 172 Ill.

          2d 386, 392, 667 N.E.2d 91, 93 (1996).

          Where technical terms are employed in a statute, they

will be given their technical meaning if that is the context in

which they are employed.  Maiss v. Metropolitan Amusement Ass'n,

241 Ill. 177, 181, 89 N.E. 268, 269 (1909); Department of Public

Works & Buildings v. Wishnevsky, 131 Ill. App. 2d 702, 704, 267

N.E.2d 355, 356 (1971); see Galowich v. Beech Aircraft Corp., 92

Ill. 2d 157, 165-66, 441 N.E.2d 318, 321 (1982) (technical meaning

of "costs").  As it relates to court proceedings, "hold" means

"[t]o administer; to conduct or preside at; to convoke, open, and

direct the operations of."  Black's Law Dictionary 731 (6th ed.

1990) (definition number six of "hold"); see also Black's Law

Dictionary 724 (6th ed. 1990) (definition of "held" states "[i]n

reference to the decision of a court, means decided," also refers

reader to definition of "hold").

          Section 2-14(b) requires that the adjudicatory hearing be

"held" within 90-days of the date service of process is had on the

necessary parties.  

          Section 2-14(c) allows for one 30-day continuance which

suspends the period during which the hearing must be "held." 

Section 2-14(c) also provides that the petition shall be dismissed

without prejudice if the adjudicatory hearing is not "heard" within

the limitations of section 2-14(b) or (c).  We disagree with the

S.G. court's interpretation of "heard."  Although the matter must

be "heard" that is not synonymous with "concluded."  Witnesses and

parties may be "heard" at a hearing on a matter which is not

concluded.  See Black's Law Dictionary 721 (6th ed. 1990) (defini-

tion of "hearing").  A hearing need not be concluded and the

decision of the tribunal need not be made for the matter to be in

the process of being "heard."  It must be recognized that the

number and availability of witnesses affects when the hearing will

be concluded.  The legislature could not have reasonably meant that

a hearing, though commenced, must be halted and the cause dismissed

because of the illness of one of the witnesses, or that the parties

to the proceeding would simply be denied the opportunity to present

witnesses who would not be available on time.  

          Interestingly, in this case and in S.G., it was one or

both of the respondent parents who moved for dismissal, not a

guardian ad litem for the children.  While one of the express

purposes of the statute is to prevent grave harm to minors and

families by less than diligent court proceedings (705 ILCS 405/2-

14(a) (West 1994)), the overall purpose of the Act is to safeguard

the children (see 705 ILCS 405/1-2(1) (West 1994)).  Giving the

persons alleged to be endangering the children the opportunity to

retain custody of the children simply because an adjudicatory

hearing, though started, has not been concluded within the 90-day

period is not consistent with the overall purpose of the Act. 

Therefore, we construe section 2-14 of the Act as requiring that

the adjudicatory hearing be commenced within 90 days.  

          The beginning of the adjudicatory hearing within 90 days

in the case at bar satisfied the statute, and the dismissal of this

case was an abuse of discretion.  The judgment of the circuit court

of Champaign County is reversed, and the cause is remanded for

further proceedings.

          Reversed and remanded.

          COOK, P.J., and GARMAN, J., concur.