2016 IL App (2d) 150898
No. 2-15-0898
Opinion filed March 11, 2016

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| KIMBERLI PICKERING, | ) | of Du Page County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| and | ) | No. 12-D-209 |
| | ) | |
| ROBERT PICKERING, | ) | Honorable |
| | ) | Robert E. Douglas, |
| Respondent-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BIRKETT delivered the judgment of the court, with opinion.
Justices McLaren and Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1    Petitioner, Kimberli Pickering, and respondent, Robert Pickering, filed postdissolution

contempt petitions against each other.  Petitioner was *pro se*; respondent had counsel.  After a

hearing on both petitions, the trial court found both parties in contempt.  The court awarded

respondent attorney fees under section 508(b) of the Illinois Marriage and Dissolution of

Marriage Act (Act) (750 ILCS 5/508(b) (West 2014)) and awarded petitioner lost wages

representing the time that she had spent preparing and arguing her petition.  Respondent appeals,

contending that (1) the court exceeded its authority under the Act by awarding petitioner lost

wages; and alternatively (2) even if the Act authorized the award, the amount was excessive.  We

agree with respondent's first contention, and we affirm in part and reverse in part.

¶ 2    The parties were married in 2002 and have a daughter.  By a judgment dated December 12, 2012, the trial court dissolved their marriage.  On September 23, 2014, petitioner filed a *pro se* petition for a rule to show cause, alleging that, in violation of the judgment, respondent had willfully refused to refinance the mortgage on the former marital residence or timely list the home for sale.  On October 28, 2014, respondent filed his petition, alleging that petitioner had violated the judgment by failing to contribute to their daughter's educational expenses and failing to pay expenses associated with a vehicle.  The trial court issued rules to show cause.

¶ 3    On March 2, 2015, the court held an evidentiary hearing on both petitions and found both parties in indirect civil contempt.  The court ordered respondent to place the former marital home for sale within 30 days and ordered petitioner to pay respondent $1,940.93 within 30 days.  Respondent's attorney then requested leave to file a fee petition.  The court responded, "You can, but I'm not going to entertain a fee petition for [petitioner], not a fee petition, but if she has lost wages, I'll entertain a lost wages petition ***.  ***  Her for lost wages.  You for a fee petition."

¶ 4    At a hearing on August 11, 2015, respondent's attorney submitted a fee petition for $3,747.70.  The trial court approved $2,997.70.  Petitioner submitted a petition for lost wages.  Respondent objected that the Act does not allow reimbursing the lost wages of a *pro se* litigant.  He also argued that petitioner's request was excessive for the work involved and that there was no proof that she had missed any work in order to litigate her petition.  The trial court responded:

"You say there is no provision in Illinois for me to award lost wages to a pro se litigant.  So what you are saying is that [a] pro se litigant who spends all their time and loses time from work is at a disadvantage to the person who pays the attorney because the person who pays the attorney has to pay nothing because they can come back and say, well, the other side should pay for my attorney's fees, but the person who loses time because they

are representing themselves doesn't get to ask for that same benefit. I find that to be, and maybe I will get overturned on this, but, I think, the [*sic*] fundamental fairness says that a pro se litigant shouldn't be penalized for representing themselves."

The court awarded petitioner $1,965, representing 32.75 hours at $60 per hour. The court cited no statute or case authority for the award. Respondent timely appealed.

¶ 5    On appeal, respondent contends primarily that the trial court erred as a matter of law in reimbursing petitioner at all for lost wages in connection with her *pro se* petition. We agree. The court simply lacked any authority to make the award. However desirable it might have been as a matter of policy or fairness, there was no legal basis to require respondent to pay petitioner for time that she spent representing herself.

¶ 6    We review *de novo* the construction of the Act. *Murray v. Chicago Youth Center*, 224 Ill. 2d 213, 228 (2007). To follow our obligation to effectuate the legislature's intent, we must give the statute its plain meaning, without reading in exceptions, limitations, or conditions that conflict with the express legislative intent. *Town & Country Utilities, Inc. v. Illinois Pollution Control Board*, 225 Ill. 2d 103, 117 (2007).

¶ 7    Section 508(b) of the Act states, "In every proceeding for the enforcement of an order or judgment when the court finds that the failure to comply with the order or judgment was without compelling cause or justification, the court shall order the party against whom the proceeding is brought to pay promptly the costs and reasonable attorney's fees of the prevailing party." 750 ILCS 5/508(b) (West 2014). This language does not authorize an award of lost wages or similar compensation to a *pro se* litigant for the time that she has spent in litigation under the Act. Such an award obviously is not one of "attorney's fees." See *Rosenbaum v. Rosenbaum*, 38 Ill. App.

3d 1, 20 (1976) (*pro se* appellant would not be entitled to appellate attorney fees under Divorce Act (Ill. Rev. Stat. 1971, ch. 40, ¶ 16)).

¶ 8  Although petitioner argues that her lost wages can be considered "costs," that contention is contrary to the plain and established meaning of the term.  Court costs are "allowances in the nature of incidental damages awarded by law to reimburse the prevailing party, to some extent at least, for the expenses necessarily incurred in the assertion of his rights in court."  *Galowich v. Beech Aircraft Corp.*, 92 Ill. 2d 157, 165-66 (1982).  We are aware of no authority that extends the definition of the term beyond actual out-of-pocket expenses for matters such as (for example) filing fees, subpoena fees, and statutory witness fees (see *Burmac Metal Finishing Co. v. West Bend Mutual Insurance Co.*, 356 Ill. App. 3d 471, 486 (2005)).

¶ 9  Although a *pro se* litigant might suffer economically by spending time on her case, there is no basis in law to compensate her for the opportunity cost of proceeding *pro se*.  Changing this situation is for the legislature.  The trial court's award of lost wages must be reversed.  In other respects, the judgment holding respondent in contempt is affirmed.

¶ 10  For the foregoing reasons, we affirm in part and reverse in part the judgment of the circuit court of Du Page County.

¶ 11  Affirmed in part and reversed in part.